McDONALD v. McDONALD et al.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

WILLS—CONSTRUCTION—JOINT TENANCY—SURVIVORSHIP.

Laws 1896, c. 547, provides that every estate devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be a joint tenancy. *Held*, that where testator devised to his "sisters M. and C., to them and their heirs, forever," they took as individuals, and not as a class, and hence on the death of one the principle of survivorship did not apply.

Appeal from special term, New York county.

Proceedings for partition by Catherine McDonald against Catherine McDonald, impleaded with Daniel E. Kenny and others, executors. From a judgment entered on a decision of the court at special term in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

John Hardy, for appellant.
David McClure, for respondent.

INGRAHAM, J. The action is brought to partition certain property, the complaint alleging that the plaintiff and the defendant Catherine McDonald are tenants in common, each seised of an undivided half thereof. The question arises under the will of one James McDonald, who at the time of his death was the owner of the premises in question. By his will he disposed of the premises by the following provision: "Second. I give and devise to my sisters Margaret and Catherine the lot of land, with the house thereon erected, known as number four hundred and fifty West Thirty-Third street, in the city of New York, to them and their heirs, forever." By the ninth clause of his will, the testator says: "All the rest, residue, and remainder of my estate I give, devise, and bequeath to my wife, Catherine McDonald, to her and her heirs, forever." This will was dated on the 6th day of November, 1896. Margaret McDonald died on the 28th of July, 1898, unmarried and without issue. After the death of Margaret the testator executed a codicil to his will, but without making any change in this provision to which attention has been called. The testator died on the 22d of May, 1899.

It is claimed that this devise to the testator's two sisters was a devise to them as a class, and that thus the principle of survivorship applied; but we think from the language used that this construction of the will cannot prevail. The bequest is to his sisters Margaret and Catherine, to them and their heirs, forever. The devisees are named, and although their full names are not specified they are sufficiently identified by the words, "my sisters Margaret and Catherine." The devise is therefore not to his sisters as a class, but to the individuals designated, and the property is given to them and their heirs, forever. By section 56 of the real property law (chapter 547, Laws 1896), it is provided that "every estate

granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be a joint tenancy." There is no question but that, had Margaret McDonald outlived the testator, these two sisters would have taken the land as tenants in common. It is hardly necessary to cite authorities to sustain this conclusion. The language used plainly indicates a devise to individuals, and not to a class. No words of survivorship are used. There is no indication from which it could be inferred that the testator intended that the survivor should take in case of the death of one of the devisees, and the fact that he made a codicil to the will after the death of Margaret McDonald, without changing this provision, would seem to indicate that he had no intention of giving to Catherine a larger interest than that given to her by the will, namely, an undivided one-half of the property in question. But we think this case is entirely within In re Kimberly's Estate, 150 N. Y. 90, 44 N. E. 945. In that case the will was as follows: "I give, devise, and bequeath all my estate, real and personal, of whatsoever kind and wheresoever situate, unto my three sisters, Mary, Annie, and Louisa;" and it was held that the devise and bequest were to the sisters as tenants in common, and not a devise and bequest to a class. See, also, In re Russell, 168 N. Y. 169, 61 N. E. 166. There is no indication in the will, or in the circumstances that existed when the will was executed, that would justify the court in changing the legal effect of the language used by making this a devise to a class instead of to the individuals specifically named as the devisees.

It follows that the judgment appealed from was right, and should be affirmed, with costs. All concur.