TOWNSEND JONES, as Executor, etc., of CLIFFORD A. HAND, Deceased, Plaintiff, _v._ RICHARD L. HAND and Others, Defendants.

_Will — clause giving a residuary estate to "two brothers, Samuel and Richard, who or whose representatives or assigns are to be entitled to possession and enjoyment thereof," construed._

Clifford A. Hand, a lawyer of large experience, left a will, by the 1st clause of which he devised to his two brothers, Samuel and Richard L., certain real estate located in Essex county, N. Y., and certain real estate located in Addison county, Vt., which latter property he had acquired from his father or through conveyances from his brothers. By the 2d clause he provided with respect to such real property as follows: "In case of the decease of either of my two brothers before me, I devise the share of my said real estate so intended for him to his children who survive me."

By the 7th clause he provided: "All the residue of my estate and property of whatsoever nature and wheresoever situate, of or to which I may die seized, possessed or entitled, I give, devise and bequeath the same to the executors of this, my will, upon trust to receive the income thereof and to apply the net income realized therefrom to the use of my wife Maria L. Hand during her natural life, and upon her decease to pay over and transfer a part or parts of the principal, not exceeding in aggregate ten thousand dollars, to such of the then living lineal descendants of my wife, or of my father, as by her last will and testament my wife may direct and appoint — and subject to the life use therein of my wife and the exercise by her of the said power of appointment, I give, devise and bequeath the beneficial right and title in and to my said residuary estate to my two brothers, Samuel and Richard, who or whose representatives or assigns are to be entitled to possession and enjoyment thereof upon and after the decease of my wife."

Richard L. Hand survived the testator, but Samuel Hand died prior to the testator, leaving surviving him two children.

*Held,* that the 7th clause of the will did not create a joint tenancy in the testator's residuary estate under which the share devised and bequeathed to Samuel Hand would pass to Richard L. Hand by survivorship;

That the testator did not die intestate as to the share of the residuary estate devised and bequeathed to Samuel Hand, but that such property passed to the children of Samuel Hand in equal portions;

That the word "assigns," used in the last portion of the 7th clause of the will, related to the transferees of the testator's brothers if they should survive the testator, and that the word "representatives," used in that portion of such clause, referred to those who would stand in the place of a deceased brother of the testator, and that by using such word the testator intended to make a substituted gift to the children of his brother or brothers, if one, or both, of them died before him.

McLAUGHLIN, J., dissented.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*George B. Bonney,* for the plaintiff.

*Learned Hand,* for the defendants Learned Hand and others.

*Augustus N. Hand,* for the defendant Richard L. Hand.

PATTERSON, J.:

The parties to this record by a submission of their controversy under section 1279 of the Code of Civil Procedure seek a judicial construction of the 7th clause of the will of Clifford A. Hand, who died in August, 1901. The will was admitted to probate by the surrogate of New York county on the 14th of September, 1901. The testator was a lawyer who had practiced his profession for over forty-five years in the city of New York. He was married but had no children. He had two brothers, Samuel Hand, who died May 21, 1886, and the defendant Richard L. Hand. Samuel Hand left a widow, the defendant Lydia L. Hand, and two children, the defendants Learned Hand and Lydia Hand Hun. The present controversy relates to the interests acquired under the will by Richard L. Hand on the one side, and the children of Samuel Hand on the other. Samuel Hand left a last will and testament which was duly admitted to probate, but as we view this case it is unnecessary to refer particularly to its provisions. The questions arising on the submission in no way affect the interest of the widow of Clifford A. Hand and, therefore, she is not a party to it.

By the 1st clause of his will Clifford A. Hand devised in fee to his two brothers, Samuel and Richard L., certain real estate in the county of Essex in the State of New York, and certain real estate in the county of Addison in Vermont, which latter property he had acquired from his father or through conveyances from his brothers. With respect to all that realty he provided in the 2d clause of the will as follows, viz., " in case of the decease of either of my two brothers before me, I devise the share of my said real estate so intended for him to his children who survive me." The 3d, 4th, 5th and 6th clauses are immaterial to the questions now presented. The 7th clause of the will is as follows, viz.: "All the residue of my estate and property of whatsoever nature and wheresoever situate, of or to which I may die seized, possessed or entitled, I give, devise and bequeath the same to the executors of this, my will, upon trust to receive the income thereof and to apply the net income realized therefrom to the use of my wife Maria L. Hand during her natural life, and upon her decease to pay over and transfer a part or parts of the principal, not exceeding in aggregate ten thousand dollars, to such of the then living lineal descendants of my wife, or of my father, as by her last will and testament my wife may direct and appoint — and subject to the life use therein of my wife and the exercise by her of the said power of appointment, I give, devise and bequeath the beneficial right and title in and to my said residuary estate to my two brothers, Samuel and Richard, who or whose representatives or assigns are to be entitled to possession and enjoyment thereof upon and after the decease of my wife."

The matters presented for decision on this submission may be best considered upon two contentions very clearly made and very ably argued on behalf of the defendant Richard L. Hand as to the proper judicial construction to be given to that part of the 7th clause of the will above quoted which disposes of remainder interests after the expiration of the trust created for the benefit of the testator's widow. Those contentions are, *first*, that a joint tenancy was created of the remainder, and that Samuel Hand having predeceased the testator, the share in the real and personal estate embraced in the remainder which would have passed to Samuel Hand, had he been living, goes to Richard L. Hand by survivorship; and, *second*, if a joint tenancy were not created in the remainder, then Samuel

Hand having died before his brother Clifford, the gift intended for Samuel lapsed and there is intestacy as to such intended gift, and the real estate embraced in it descends to the heirs of the testator, and the personalty is distributable among his next of kin according to the Statute of Distribution (Code Civ. Proc. § 2732.)

*First.* We find nothing in this will which would prevent the application to the gift of the remainder of the provisions of the Revised Statutes (1 R. S. 727, § 44), now constituting section 56 of the Real Property Law (Laws of 1896, chap. 547), by which it is enacted that "Every estate granted òr devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy." We think it is plain that the testator meant that his brothers should take, each separately and in his own right, and that the gift is not to a class. *Matter of Kimberly* (150 N. Y. 90) and *McDonald* v. *McDonald* (71 App. Div. 116) seem to dispose of this branch of the case. The testator was a lawyer of very great experience, and it is scarcely conceivable that if he intended to create a joint tenancy he would do otherwise than follow the requirement of the statute.

*Second.* We are of opinion that there is not intestacy with respect to the share in the residuary estate which Samuel Hand would have taken under the 7th clause of the will had he survived his brother Clifford. Such construction should be given to this 7th clause as will prevent intestacy, if that result can be obtained by a natural, reasonable and unstrained interpretation. (*Schult* v. *Moll*, 132 N. Y. 122; *Weeks* v. *Cornwell*, 104 id. 337; *Clark* v. *Cammann*, 160 id. 315.) It is argued that by contrasting the provisions of the 1st and 2d clauses with those of the 7th clause, it will be seen that a different dispository intention was in the mind of the testator as to the property passing by those clauses respectively. In the 2d clause the testator anticipated the death of either of his brothers in his lifetime, and in the event of either so dying, he specifically devised the share of the one dying to such of his children as should be living at the time of his, the testator's, death, while in the 7th clause the whole of the residuary estate is given to the two brothers who or whose "representatives or assigns are to be entitled to possession and enjoyment thereof upon and after the decease" of the testator's wife.

We do not find any such discordance between the provisions of these clauses as would of necessity require the construction that the residuary gifts in remainder were limited to Samuel and Richard alone, so that in the event of either or both of them dying before the testator intestacy would follow. The difference in the situation of the land passing under the 1st and 2d clauses, and of the real and personal property disposed of by the 7th clause in trust, with remainder over on the termination of the trust, doubtless suggested to the testator the use of different phraseology in drafting the several clauses; but that consideration is not controlling as showing a radically different intent as to the ultimate ownership to be acquired under those different clauses. There is nothing in the will to suggest that the testator otherwise intended than to put his two brothers and their children on the same footing. Being a lawyer of very extensive experience, it is but a reasonable presumption that it was his purpose to die fully testate as to all his property, and other provisions of his will indicate care in the arrangement of detail. It must be conceded that if, in the 7th clause, the testator intended to use the word "representatives" only in the sense of personal representatives, that is, executors and administrators, there is not much room left for discussion. But it seems to us that it was not used in that sense, but as referring to those who would stand in the place of the brother of the testator, or, in other words, that there is a gift by substitution not dependent upon a precedent estate, but in the nature of an original gift to take effect if the brothers, or either of them, died before the testator. It seems to be the natural and reasonable inference that the testator intended to substitute children for a parent if the parent died before the gift to him could take effect. The words "who or whose representatives * * * are to be entitled to possession and enjoyment" indicate that Samuel and Richard L. were to take, *or* if they did not, then their representatives, the words "who" and "whose" being used disjunctively. Looking critically at that portion of the 7th clause by which the remainder interests are created, we must, of course, give effect to every part of it. There is a gift to Samuel and Richard L. in equal parts, *or* to their representatives or assigns. The word "assigns" relates to the transferees of the brothers if they survive the testator and take interests

under his will. The solution of the question depends upon the meaning to be ascribed to this word "representatives." Here is a provision of a will disposing in one clause in the same manner of both real and personal property constituting the residuary estate — there is a devise and a bequest made in the same words. A representative is one who stands in the place of another, of real estate as heir, of personalty as next of kin. He is one also who takes by representation, and "in wills and settlements the term * representatives and legal representatives are frequently held to mean heirs and next of kin, and not executors or administrators." (*Lee* v. *Dill*, 39 Barb. 521, citing *Baines* v. *Ottey*, 1 M. & K. 465; *Robinson* v. *Smith*, 6 Sim. 47; *Walter* v. *Makin*, Id. 148; *Cotton* v. *Cotton*, 2 Beav. 67; *Long* v. *Blackall*, 3 Ves. 486.) We think in this 7th clause the testator meant by using the word "representatives" to make a substituted gift to the children of his brother or brothers if one or both died before him. The gift is not to the brothers *and* their respective heirs and next of kin. If that were so, the heirs and next of kin might not take by substitution, but the word "or" in the connection in which it is used in this clause of the will emphasizes the purpose of making an alternative gift.

We are, therefore, of the opinion that, subject to the power of appointment given to the testator's widow, and upon her death Richard L. Hand is entitled to receive one-half of the residuary estate disposed of by the 7th clause, and that Lydia M. Hand Hun and Learned Hand are entitled to receive the other half in equal portions. Judgment is directed accordingly.

Van Brunt, P. J., O'Brien and Laughlin, JJ., concurred; McLaughlin, J., dissented.

McLaughlin, J. (dissenting):

I concur with Mr. Justice Patterson, in so far as he holds that the testator intended that his brothers Samuel and Richard should take, each separately and in his own right and not as joint tenants, the property given in the 7th clause of his will, but I cannot concur with him that subject to the power of appointment given to his widow, the testator intended to substitute children for a parent, if

---

\* *Sic.*

the parent died before the gift to him could take effect. I do not think such construction is justified by the language used, nor do I think it gives effect to the testator's intent. This clause of the will reads as follows:

"_Seventh._ All the residue of my estate and property of whatsoever nature and wheresoever situate, of or to which I may die seized, possessed or entitled, I give, devise and bequeath the same to the executors of this, my will, upon trust to receive the income thereof and to apply the net income realized therefrom to the use of my wife Maria L. Hand during her natural life, and upon her decease to pay over and transfer a part or parts of the principal, not exceeding in aggregate ten thousand dollars, to such of the then living lineal descendants of my wife or of my father, as by her last will and testament my wife may direct and appoint — and subject to the life use therein of my wife and the exercise by her of the said power of appointment, I give, devise and bequeath the beneficial right and title in and to my said residuary estate to my two brothers, Samuel and Richard, who or whose representatives or assigns are to be entitled to possession and enjoyment thereof upon and after the decease of my wife."

In this clause it will be noticed that there is an absolute gift to Samuel and Richard, subject only to the provision for the wife, with a limited power of appointment. This must be so, unless it be held that the words "who or whose representatives or assigns," or some one of them, amount to a substitution of the children or executrix of Samuel (he having died before the testator) for himself. These words I do not think amount to a substitution, and to hold that they do is, as it seems to me, to put into the will something which does not there appear, by giving effect and meaning to words not sanctioned by common usage or by grammatical or judicial construction. The word "who" plainly only refers to Samuel and Richard, and the same is equally true of the word "whose." The word "assigns" means only the assigns of Samuel and Richard, and, indeed, this is conceded in the prevailing opinion. We have left, therefore, only one word — "representatives" — and it is from this one word alone that it is said that the testator intended, in case of the death of one of his brothers before him, to substitute the children for the brother. This goes much farther than any of the cases of which

I am aware have heretofore gone, and much farther than I think the court ought to go, unless it is prepared to decree the kind of a will which it thinks the testator ought to have made. The word "representatives," in a legal sense, means administrators or executors, and this meaning must be ascribed to that word where a judicial determination of it is sought, unless it can be seen that it was used in a different sense. (*Griswold* v. *Sawyer*, 125 N. Y. 411.) There is nothing in this will from which it can be determined, or even inferred, that the testator intended to use it other than in the legal sense, and if I am correct in this, then this word refers to the executors or administrators of the brothers, after the title to the property given shall have vested in them. Not only this, but to give to this word the meaning ascribed to it in the prevailing opinion, makes the clause " who or whose representatives or assigns " self-contradictory ; that is, it makes the word " assigns " refer only to the brothers, while the preceding word "representatives " refers only to the children of the brothers. The testator was an experienced lawyer. He not only knew the correct meaning and use of words, but also their legal effect, and if we accord such meaning to these words, the intent of the testator is apparent, and the construction of his will easy. The gift is, in terms, to Samuel and Richard. They were the ones whom the testator had in mind, and the ones whom he desired to make the objects of his bounty. He knew that the gift to them would vest immediately upon his death, but the " possession and enjoyment" of the property given would be postponed until the death of his widow. Intermediate the vesting and the death of the widow he desired that his brothers might enjoy the property given, so far as possible, either by a sale — hence the use of the word " assigns ; " or in case of death, by the same passing to their respective estates — hence the use of the word "representatives." This construction, it seems to me, is not only the natural and logical one, but is one which is borne out by a consideration of the whole will. In the 2d clause of the will it will be observed that the testator there provides, where certain lands are given, that " in case of the decease of either of my two brothers before me I devise the share of my said real estate so intended for him to his children who survive me." Here is an accurately expressed substitution, and it cannot be supposed that an experienced lawyer, who

would thus carefully express substitution of children for their father in one clause of his will, if he intended a like substitution in another, would leave the same to be inferred from words of at least doubtful meaning, or to depend upon a strained construction of them.

I am of the opinion that the gift in the 7th clause is to Samuel and Richard, one-half to each. Samuel having died during the lifetime of the testator, caused the interest given to him to lapse, and as to that interest the testator died intestate and judgment should be directed accordingly.

Judgment ordered as directed in opinion.