### SCHNEIDER v. HEILBRON et al.

(Supreme Court, Appellate Division, Fourth Department. November 14, 1906.)

1. WILLS—CONSTRUCTION—SURVIVORSHIP—REPRESENTATION.

A testator gave all his property to his wife for life, and at her death to the "children of my said wife and myself to be divided equally between them, share and share alike." A child died after the execution of the will and during the lifetime of the testator, leaving issue. *Held*, that under Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, art. 3, § 52, providing that, when an estate shall be devised to a child, and such devisee shall die during the lifetime of the testator leaving a child, the devise shall not lapse, and Real Property Law, Laws 1896, p. 569, c. 547, § 56, declaring that every estate devised to two or more persons shall be a tenancy in common, unless declared to be in joint tenancy, the children of the testator took as tenants in common, and the issue of the deceased child took his share.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1191–1197.]

2. WILLS—RIGHTS AND LIABILITIES OF DEVISEES AND LEGATEES—CLAIMS OF ESTATE—DISTRIBUTION.

A testator gave all his property to his wife for life, and on her death to his children equally, and named his wife as executrix. The wife as executrix sold to a child personalty of the estate, and the executrix and the child entered into a contract which provided that the child should pay the purchase price in six annual installments; that in lieu of payment the executrix should retain the same from the interest of the child in the estate of the testator; and that, for the purpose of securing to the estate the payment of the purchase price, the child should transfer to the executrix his interest in the estate of the testator as collateral. *Held*, that the contract bound the child to pay the purchase price, and, if he did not do so, the purchase price and interest might be deducted from his share accruing under the will at the time of the distribution of the estate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1794.]

**3. WILLS—CONSTRUCTION—TRUST ESTATES.**

A testator gave all his property to his wife for life, with remainder to his children equally. A child transferred all his interest in the estate to the wife individually. Thereafter the wife died leaving a will devising her property to her executor to be applied for the maintenance of the child, and for no other purpose. *Held*, that the will did not create a valid trust, but on the death of the wife her property, including the interest purchased from the child, vested in the child.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1582–1584.]

McLennan, P. J., and Kruse, J., dissenting in part.

Appeal from Special Term, Monroe County.

Action by George W. Schneider against Mary Heilbron and others. From an interlocutory judgment entered on the decision of the court, defendants Mary Heilbron and others appeal. Reversed, and new trial ordered.

The action was commenced on the 24th day of November, 1905, for the partition of premises known as "Schneider's Island" in Irondequoit Bay in the county of Monroe. The judgment decreed partition of the premises, determined the interest therein of each of the parties to the action, and adjudged that the property be sold by a referee appointed for that purpose in accordance with the usual practice in such cases. The appeal challenges plaintiff's right to maintain the action upon the ground that he has no interest in the premises, also the determination of the court as to the interests of the respective defendants in and to the premises in question.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Walter H. Hill, for appellants.
D. W. Forsyth, for respondent Geo. W. Schneider.
Richard E. White, for respondents Hermance and Schauman.
John Mead, for respondent Frank Schneider.

McLENNAN, P. J. The facts are not in dispute. One Frank Schneider died in February, 1892, seised in fee simple and in possession of the real estate described in the complaint. He left a last will and testament bearing date June 13, 1875, which was duly admitted to probate and contained the following clause:

"I give and bequeath to my wife, Elizabeth Schneider, all my property, real and personal, to be used and enjoyed by her during the period of her natural life, and at her decease I give and devise the same to the children of my said wife and myself, to be divided equally between them, share and share alike."

At the time such will was made there were living the testator's wife, Elizabeth Schneider, who was named as executrix, and six children of her and himself, viz., George W. Schneider, the plaintiff, the defendants Mary Heilbron, Margaret Hoeret, Edward P. Schneider, and Dora A. Wagner, also a son named Frank Schneider, but who died on the 6th day of February, 1887, five years prior to the testator's death, leaving as his only heir at law and only child the defendant Frank Schneider. Letters testamentary were issued to Elizabeth Schneider, the widow of the testator, and she continued to act as executrix until her death, which occurred on or about the 19th day of August, 1905.

To repeat, when the will in question was made and executed, there were living six children of the testator and his wife. At the time of the testator's death only five of such children were living. The son Frank had died leaving, him surviving, his only child and heir at law, the defendant Frank Schneider. The first question presented by this appeal is: Did the grandson of the testator, the defendant Frank Schneider, under the clause of the will above quoted, take the same interest in the testator's estate as his father, the testator's son, would have taken if living? The trial court held that the defendant Frank Schneider did so take, and such holding is the basis of the judgment appealed from.

We think the conclusion reached by the trial court in that regard was erroneous. It is not claimed that there is any other language or provision in the will which aids in determining the meaning of the clause in question. The language of the clause is definite and specific. Upon the termination of the life estate the testator bequeaths his property "to the children of my said wife and myself." The property in question, which vested upon the death of the testator, was not by the language of the will bequeathed to the testator's grandchildren, if there should be any, but to the children of his wife and himself. The language used should not be construed so as to make the word "children," as used in the clause referred to, include and mean the same thing as "grandchildren," unless such a construction is forced by decisions of the Court of Appeals. The decisions, we think, are contrary to such a construction.

In Matter of Truslow et al., 140 N. Y. 599, 603, 35 N. E. 955, 956, Judge Gray says:

"It is undoubtedly true that the term 'children' may include 'grandchildren'; but, to give to it that very comprehensive meaning, we should be able to find such an intention on the testator's part from other expressions or clauses in the will. I am not aware of any case in which the term 'children' has been given a broader signification than it naturally imports, except there was something in the will which called for and justified it."

And at page 605 of 140 N. Y., and page 956 of 35 N. E., the learned judge further says:

"Language should not be strained, nor words given an unusual meaning, in order to work out a result favorable to the issue of a deceased child."

In Palmer v. Horn, 84 N. Y. 516, 521, the court said:

"The word 'children,' in common parlance, does not include grandchildren, or any others than the immediate descendants in the first degree of the person named as ancestor."

In Matter of Kimberly, 150 N. Y. 90, 44 N. E. 945, it was held that:

"A devise and bequest of all the testator's estate 'unto my three sisters' (naming them, but without further words) constitutes, by force of the statute (1 Rev. St. [1st Ed.] p. 727, pt. 2, c. 1, tit. 2, § 44), a tenancy in common, and not a joint tenancy or a bequest to a class; and hence, if one of the three legatees has died before the testator, her legacy lapses, and the testator must be deemed to have died intestate as to one-third of his estate."

It was also held in that case that a gift is not made to a class, where at the time of making it the number of donees is certain, and the share

which each is to receive is also certain and in no way dependent upon the number who shall survive. In the case at bar the testator gave his residuary estate to a body of persons, to wit, the children of himself and wife, the number of whom was to be determined when the estate vested. There is nothing inconsistent with such holding in Matter of Russell, 168 N. Y. 169, 61 N. E. 166. In that case it appeared that at the time the gift vested, to wit, at the testator's death, there was no uncertainty with respect to the number of donees or the amount of the share of each, and therefore it was held that the value or amount of the share of each was in no way dependent upon the number of the beneficiaries who might survive the time of actual distribution.

Other cases might be cited which decide that by such language as is used in the will in question the bequest is to a class, to wit, the children of the testator's wife and himself, and that the extent of the interest of a member of such class in the decedent's estate is dependent upon the number who survive the testator. As applied to the facts in this case, we can put the proposition no more plainly than to say that, where a testator devises property to the children of himself, such children alone will take who survive him, and that the heirs of a child living at the time of the execution of the will, but having died before the death of the testator, do not take under such language contained in the will. We conclude that, independent of any other question, the estate of the testator, Frank Schneider, the original owner of the fee of the premises in question, vested upon his death in his five children then living, and that his grandson, the defendant Frank Schneider, had no part in such estate. If we are correct, thus far, and independent of any other consideration, the children of the testator, Frank Schneider, are each entitled to a one-fifth interest in the property sought to be partitioned, rather than a one-sixth interest, as found by the learned trial judge.

It next appears that Elizabeth Schneider, acting as executrix of her husband's will, in and about the month of May, 1893, sold to the plaintiff in this action, George W. Schneider, one of the children of herself and husband, a steamboat called "Island Queen," which was a part of the estate of her husband, for the agreed price of $600, and a written contract not under seal was made between Elizabeth Schneider as such executrix and the said George W. Schneider, the plaintiff herein, which provided that George W. Schneider should pay the said $600 in payments of $100 annually, commencing August 1, 1893, "and in lieu of payment by him as above, then the said Elizabeth as executor of the will of Frank Schneider (her husband), deceased, to retain the same from the interest of said George in the estate of said Frank as legatee." It was then provided by said agreement:

"And for that purpose and to secure to said estate the payment for said boat, the said George W. Schneider does hereby transfer to the said Elizabeth Schneider, she being the executor of the will of said Frank, his interest in and to the estate of Frank Schneider given by said will, as collateral to the payment of the said six hundred dollars."

The learned trial court found that the plaintiff, George W. Schneider, never paid for said boat or any part thereof, and that more than six years had elapsed at the time of the death of Elizabeth Schneider since

the time for making the last payment upon said boat as provided in and by such written contract as aforesaid, and therefore held that such claim was barred and outlawed by the six-year statute of limitations. We cannot agree with the conclusion reached by the learned trial court in that regard. The fair meaning of the contract was that the plaintiff would pay the contract price within six years, and that, if he did not, that sum and the interest accruing thereon might be deducted from his legacy or share of the estate of his father when the time came for its distribution, to wit, her death; and that the other provision of the contract can only be regarded in the nature of an assignment as security for the payment of such indebtedness. The executrix undoubtedly had the right, upon the failure of George to make payments as agreed, to foreclose his interest in his father's estate, and her right to resort to such foreclosure would undoubtedly have been barred by the statute after the lapse of six years. But we think she was not under obligation so to do; that she could rely upon the other provision, which provided, in substance, that, if the indebtedness was not paid as agreed, the same might be deducted from his share when the time came for the distribution of the estate. We conclude that the plaintiff is the owner of a one-fifth interest, less the amount which may be found upon an accounting to be due and owing by him to his father's estate under the agreement referred to.

The defendant Edward P. Schneider transferred all his right, title, and interest in his father's estate to his mother, individually. Thereafter she died, leaving a last will and testament which provided as follows:

"All the rest, residue and remainder of my property and estate, I give, devise and bequeath to my executor hereinafter appointed, to be used and applied by him for the support and maintenance of my son, Edward P. Schneider, and for no other purpose whatever, and I direct for that purpose, that he transfer and convert the same into money and available security and securities and use and advance the same to, and for the said support and maintenance, as he shall deem for his best interest."

The learned trial court determined, and we think correctly, that such provision in the will did not create a valid trust, but that upon the death of Elizabeth Schneider her property immediately vested in her son, Edward P. Schneider, which included, of course, his interest in the property in question, which he had deeded to her. It therefore follows that the judgments of Alexander C. Hermance and Louis Schauman are liens upon, and should be satisfied out of, the interest of Edward P. Schneider in the premises in question.

We conclude that the defendant Frank Schneider has no interest in the premises sought to be partitioned; that the plaintiff, George W. Schneider, has a one-fifth interest therein, less the amount of his indebtedness to his father's estate because of his purchase of the steamboat Island Queen; and that the defendant Edward P. Schneider is the owner of a one-fifth of the premises, acquired by him under the will of his mother, and that the judgments of Alexander C. Hermance and Louis Schauman are liens upon and should be satisfied out of the same. It follows that a new trial should be ordered.

Interlocutory judgment reversed, and new trial ordered, without costs of this appeal to either party.

KRUSE, J., concurs.

SPRING, J. I cannot concur with the first proposition discussed in the opinion of the Presiding Justice, to wit, wherein it is held that, because Frank Schneider, the son of the testator, died before the testator, although leaving a child, such child did not take. It seems to me that a reading of the provision of the will in controversy leads to the conclusion that the children take distributively, and not as a class. Unless there is something in the context of the will to denote it was the intention of the testator that his beneficiaries should take as joint tenants or as a class, the instrument will be construed so that they take as tenants in common or distributively. Section 56, c. 547, p. 569, Laws 1896 (section 56 of the Real Property Law) ; Herzog v. Title & Guarantee Trust Co., 177 N. Y. 86–97, 69 N. E. 283, 67 L. R. A. 146 ; Matter of Kimberly, 150 N. Y. 90–93, 44 N. E. 945 ; Matter of Russell, 168 N. Y. 169, 61 N. E. 166.

In Matter of Russell, supra, the testator gave his property to his widow and children, "to be divided equally between them, share and share alike, that is to say, to my wife one share, to each child an equal share with my wife. Should any of my children have died leaving lawful issue, such deceased child's share to be given to such issue." One of his daughters married after the death of the testator and died before the distribution of the estate according to the terms of the will, leaving no children. Her husband claimed to take under the will as the distributee of his deceased wife. If the bequest had been to a class, he would not participate in the estate, for it would pass to the other beneficiaries. The court, in a very elaborate opinion, after reviewing the authorities, held that the children did not take as a class, but distributively, and that the husband of the deceased child was entitled to her share.

Matter of Kimberly, supra, which is relied upon in the foregoing opinion, sustains the position that the present bequest was not to a class. In that case the testator gave his estate "unto my three sisters," naming them. One of the sisters died before the testator. The court held that the devisees took as tenants in common, and that the legacy lapsed as to the dead sister. In the above case the court say, at page 93 of 150 N. Y., page 946 of 44 N. E.:

"The appellant's contention is that the legatees took jointly, and, if not, that the bequest was to the sisters of the decedent as a class, and consequently there was no lapse in the disposition by reason of the death of one of the legatees. We do not think that contention can be sustained. While at common law such a bequest would have constituted the legatees joint tenants, yet, under the statutes of this state, the rule is clearly otherwise. The Revised Statutes provide that: 'Every estate granted or devised to two or more persons, in their own right, shall be a tenancy in common, unless expressly declared to be in joint tenancy.' Section 44, art. 1, tit. 2, c. 1, pt. 2, Rev. St. (1st Ed.)."

See section 56 of the real property law above mentioned.

In the present case there would be a lapsing of the legacy of Frank Schneider, except for the fact that the statute prevents the lapsing of a devise to children. Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, art. 3, § 52; 2 Rev. St. N. Y. (Banks & Bros.' 9th Ed.) p. 1880. If Frank Schneider, the legatee, had lived, the children would have taken as tenants in common, and his death does not change the character of the bequest. McDonald v. McDonald, 71 App. Div. 166, 75 N. Y. Supp. 674.

In Matter of Truslow et al., 140 N. Y. 599, 35 N. E. 955, the provisions of the will in that case indicated a clear intention on the part of the testator to confine the bequests to the children, using the word in its restricted sense, and the opinion of the court proceeds on the assumption that the language employed by the testator in declaring his purpose is too clear and plain to allow the ordinary rule to prevail.

The court will do its utmost, without violating the plain purpose of the testator, to prevent the disinheritance of the issue of children. Shangle v. Hallock, 6 App. Div. 57, 39 N. Y. Supp. 619; Matter of Miller, 18 App. Div. 211, 45 N. Y. Supp. 956; Matter of Manning, 50 App. Div. 408, 64 N. Y. Supp. 222.

I concur in the conclusion reached by the Presiding Justice on the other two propositions discussed by him.

WILLIAMS and NASH, JJ., concur.