Foley, S.
Upon this accounting the trustee raises the question as to the construction of the word “ issue ” in subdivision 4 of paragraph 8 of the will. It reads as follows:
“ 4. One of said six equal shares I give, devise and bequeath to my said executrix and executors and the survivor or survivors of them in trust to collect and receive and pay over and apply the income of said share to the use of my daughter Cornelia L., wife of Matthias L. B. Martin, for and during the term of her ¡natural life, and on the death of my said daughter Corjnelia L. Martin to pay over and assign the said one- *525 sixth share to the issue of her, my said daughter Cornelia L. Martin, share and share alike, but if my said daughter Cornelia L. Martin shall die without leaving lawful issue, then her share shall go to increase the shares of my other children and their legal representatives.”
The decedent thereby created a trust with income for life to his daughter Cornelia L. Martin. He directed upon her death that the principal be paid to her issue. Mrs. Martin, the life beneficiary, died in 1918, leaving-one child, Cora L. Magnus, and no descendants of any deceased child. Mrs. Magnus has three children. One of these children, Harry C. Magnus, has one child, an infant, who is represented by the special guardian. The trustee contends that the word “ issue ” meant children, and that the entire remainder goes to Mrs. Magnus. The special guardian urges that the word ‘ ‘ issue ’ ’ signified descendants, and that the remainder should be paid per capita in shares of one-fifth to Mrs. Magnus and to each of her four lineal descendants.
It is the rule in this state that the word “ issue ” includes all descendants, and the distribution is to be made per capita. Soper v. Brown, 136 N. Y. 244, 250; Schmidt v. Jewett, 195 id. 486. Many exceptions have been made to this rule and a stirpital significance given to the word where there has been something in the context of the will that showed a different meaning was intended by the testator. Recent examples of the recognition of this exception to the general rule are Matter of Farmers Loan & Trust Co., 213 N. Y. 168; Matter of Union Trust Co., 170 App. Div. 176. In the former case Judge Cardozo stated the test of the exception to be as follows: “ The presumption in this state favors a per capita distribution, but the presumption yields to ‘ a very faint glimpse of a different intention.’ ” No case could be found which emphasized the apparent unfairness of the application of the rule *526 than this estate, for, if applied, a great great grandchild of testator would share equally with its living parent and living grandparent. Mrs. Magnus’ share would be reduced to one-fifth by admitting her own children and grandchild as participants in the distribution.
The history of the “per capita” rule of construction is comprehensively and with keen analysis set forth in the scholarly opinion of Mr. Justice Page in Petry v. Petry, 186 App. Div. 738. He states clearly the reason why the English courts have followed the rule and the hesitancy with which judges have applied it because it was contrary to the layman’s understanding of the word “ issue ” and violated the intention of the testator. In the Petry case the Appellate Division of this department followed the general rule and held that “ issue ” included all descendants of equal and unequal degree. Notwithstanding the hope expressed by Mr. Justice Page for a change in the rule, the Court of Appeals affirmed the Appellate Division, without opinion, in 227 New York, 621. The rule of Soper v. Brown, supra, is, therefore, still the law of this state until it may be changed and brought in harmony with the more equitable provisions of the Decedent Estate Law (§§ 82, 83, 98) by legislative enactment.
The context of the will of Mr. Lawrence must then be examined to justify a departure from the rule. A study of its provisions leads inevitably to the conclusión that his clear intention was to limit “ issue ” to the. child or children of his daughter. Separate trust funds were created with income payable to each daughter for life and remainder to her issue. He further provided in paragraph 8 that upon the death of any daughter “ without leaving lawful issue, her share shall go to increase the shares of my other children and their legal representatives.” In paragraph 10 it is also significant that the testator provided in case of *527 advancements made to any daughter or the husband of a daughter, such amounts ‘ ‘ shall be deducted from the share to which any such daughter or her representative may be entitled.” Throughout the whole will the words “ issue ” and “ representative ” seem to be used interchangeably and with similar meaning. Clearly by the word “ representative ” he meant heirs and next of kin under the Decedent Estate Law, rather than an executor or administrator. Decedent Estate Law, §§ 82, 83, 98; Jones v. Hand, 78 App. Div. 56, 60; Griswold v. Sawyer, 125 N. Y. 411; Davidson v. Jones, 112 App. Div. 254. Again, in paragraph 4, he provided “ such issue to take the share which would have gone to the parent, if living.” Thus “ issue ” is used here in the sense of “ children.” Matter of Farmers Loan & Trust Co., supra, 174. Moreover, the use of the word “ increase ” in paragraph 8, as set forth above, emphasizes the construction I have adopted. If the share of the legal representative of a deceased daughter were to be thus increased, the word “ issue ” must have been intended as synonymous with “ legal representative.” In ease of the death of one of Mrs. Martin’s sisters without issue, the share of the deceased would go to increase the share of Mrs. Magnus alone. These provisions show that the “ glimpse of a different intention ” of the testator required to make out the exception is quite clear.
I will hold, therefore, that the testator intended to provide for the distribution of the remainder to the child of Mrs. Martin, the life beneficiary. The corpus of the trust for Cornelia L. Martin should, therefore, go to her only child, Cora L. Magnus, by representation, to the exclusion of Mrs. Magnus’s children and grandchild.
Decreed accordingly.