In the Matter of the Appraisal under the Transfer Tax Acts of the Property of DAVID F. KIMBERLY, Deceased.

1. CONSTRUCTION OF WILL — TENANCY IN COMMON — LAPSE OF LEGACY BY DEATH OF LEGATEE. A devise and bequest of all the testator's estate "unto my three sisters" (naming them, but without further words), constitutes, by force of the statute (1 R. S. 727, § 44), a tenancy in common and not a joint tenancy or a bequest to a class; and, hence, if one of the three legatees has died before the testator, her legacy lapses and the testator must be deemed to have died intestate as to one-third of his estate.

2. TENANCY IN COMMON — 1 R. S. 727, § 44 — PERSONAL ESTATE. The statute (1 R. S. 727, § 44), which declares that "every estate granted or devised to two or more persons, in their own right, shall be a tenancy in common, unless expressly declared to be in joint tenancy," applies to personal as well as real estate.

3. GIFT TO A CLASS. A bequest is not a gift to a class, where, at the time of making it, the number of the donees is certain and the share each is to receive is also certain and in no way dependent for its amount upon the number who shall survive.

4. CANON OF INTERPRETATION AGAINST INTESTACY. The canon of interpretation to the effect that if there are two modes of interpreting a will, that is to be preferred which will prevent total or partial intestacy, has no application as against controlling statutes and decisions.

*Matter of Kimberly*, 3 App. Div. 170, affirmed.

(Argued June 9, 1896; decided October 6, 1896.)

APPEAL from order of the Appellate Division of the Supreme Court in the second judicial department, made April 7, 1896, affirming an order of the surrogate of Kings county, which confirmed a report of an appraiser appointed to fix the transfer tax upon the property of the estate of David F. Kimberly, deceased.

David F. Kimberly died in the city of Brooklyn June 29, 1895, leaving a last will and testament, which was admitted to probate on the tenth of the following September. Louisa Kimberly, the appellant, alone qualified as executrix thereof. She subsequently petitioned the surrogate of Kings county for the appointment of an appraiser to determine the value of the estate, and fix the amount of transfer tax due therefrom.

The will of the decedent, so far as material to the questions involved on this appeal, is as follows: " I give, devise and bequeath all my estate, real and personal, of whatsoever kind and wheresoever situate, unto my three sisters, Mary, Annie and Louisa." Mary died prior to the death of the testator. The appraiser fixed the tax upon the theory that the testator died intestate as to one-third of his estate, by reason of the pre-decease of Mary Kimberly; that Annie and Louisa each took one-third of Mary's share as next of kin, and that the remaining one-third passed to nine nephews and nieces of the decedent as their share of the estate which was undisposed of by the will. The appraiser filed his report with the surrogate December 10, 1895, and on the same day the surrogate made an order confirming it and assessing the tax at the amount mentioned therein.

From that order an appeal was taken to the surrogate, and the former order and report of the appraiser were confirmed, and an appeal was taken to the Appellate Division of the Supreme Court where the latter order was affirmed.

*Edward Goldschmidt* for executrix, appellant. The gift, devise and bequest is joint, and the survivors of those therein named (Annie and Louisa) take the whole estate. (*Daws* v. *Kemp*, Cart. 4; *Buffar* v. *Bradford*, 5 Eq. Cas. 216; *Morley*

v. *Bird*, 2 Atk. 220; 1 Jarman on Wills [6th ed.], 337; 2 Jarman on Wills [6th ed.], 265, 266; Redfield on Surr. 607; 2 Barb. 83; 29 N. Y. 39; 66 Barb. 468; *Magaw* v. *Field*, 48 N. Y. 668.) There are no words of severalty. The mode of the gift is joint. (4 Bradf. 161; 30 N. Y. 393; *Vernon* v. *Vernon*, 53 N. Y. 352; *Floyd* v. *Barker*, 1 Paige, 480; *In re Wells*, 113 N. Y. 399; Roper on Legacies [2d ed.], 482–484; *Everitt* v. *Everitt*, 29 N. Y. 40; *Downing* v. *Marshall*, 23 N. Y. 366; *Delafield* v. *Shipman*, 103 N. Y. 468; *Manier* v. *Phelps*, 15 Abb. [N. C.] 126.) The gift is not affected by 2 Revised Statutes, section 19, in favor of descendants of a testator. (*Van Beuren* v. *Dash*, 30 N. Y. 393.) The gift was to the testator's sisters as a class. (*Hoppock* v. *Tucker*, 59 N. Y. 208; *Manier* v. *Phelps*, 15 Abb. [N. C.] 126.) The construction of the will herein is not dependent on or affected by 1 Revised Statutes, section 44. (*Van Brunt* v. *Van Brunt*, 111 N. Y. 187; *Coster* v. *Lorillard*, 14 Wend. 265; 5 Paige, 228; *Moore* v. *Hegeman*, 72 N. Y. 383; *Moore* v. *Lyons*, 25 Wend. 119; *Everitt* v. *Everitt*, 29 N. Y. 39.) The statute applies only to estates in real property. (*Putnam* v. *Putnam*, 4 Bradf. 308.) The surrogate and the Appellate Division erred in declaring a construction which results in partial intestacy. (*Schuli* v. *Moll*, 132 N. Y. 122; *Zone* v. *Zone*, 4 Misc. Rep. 559.)

*Robert B. Bach* for county treasurer, respondent. That portion of the estate devised and bequeathed to the sister Mary lapsed. (*Vernon* v. *Vernon*, 53 N. Y. 352; *Waring* v. *Waring*, 17 Barb. 552; *Floyd* v. *Barker*, 1 Paige, 480; 1 Jarman on Wills [5th ed.], 358; *In re Wells*, 113 N. Y. 396; *Corbyn* v. *Frerich*, 4 Ves. 418.) The devise and bequest was to the sisters as tenants in common. (1 R. S. 727, § 44; Willard's Eq. Juris. 512; Worth on Wills, 286; *Heathe* v. *Heathe*, 2 Atk. 122; *Haws* v. *Haws*, 3 Atk. 524; *McKinstry* v. *Sanders*, 2 T. & C. 181, 197; 58 N. Y. 662; *Moore* v. *Lyons*, 25 Wend. 119; *Everitt* v. *Everitt*, 29 N. Y. 40; *Downing* v. *Marshall*, 23 N. Y. 366.) This is not a devise or bequest to a class. (15 Abb. [N. C.] 123.)

Martin, J.   No question as to the facts or the procedure in this case arises upon this appeal. The sole question involved relates to the construction of the testator's will, and is whether the bequest was to the testator's sisters jointly, or whether they took the property as tenants in common. That upon the death of one of the legatees before the decease of the testator, the legacy lapsed if it was to the legatees as tenants in common, is not denied by either party. The courts below have held that the legatees took as tenants in common, and, hence, that as to one-third of the testator's estate, he died intestate.

The appellant's contention is that the legatees took jointly, and if not, that the bequest was to the sisters of the decedent as a class, and consequently there was no lapse in the disposition by reason of the death of one of the legatees. We do not think that contention can be sustained. While at common law such a bequest would have constituted the legatees joint tenants, yet, under the statutes of this state, the rule is clearly otherwise. The Revised Statutes provide that, "Every estate granted or devised to two or more persons, in their own right, shall be a tenancy in common, unless expressly declared to be in joint tenancy." (§ 44, art. 1, tit. 2, ch. 1, pt. 2, R. S.) This statute applies to personal as well as real estate. (*Everitt* v. *Everitt*, 29 N. Y. 39, 72; *Bliven* v. *Seymour*, 88 N. Y. 469, 478; *Van Brunt* v. *Van Brunt*, 111 N. Y. 178, 187; *Mills* v. *Husson*, 140 N. Y. 99, 104.)

Nor was the bequest in this case to a class. In legal contemplation, a gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number. (1 Jarman on Wills [5th. ed], 269.) Here the number of persons was certain at the time of the gift, the share each was to receive was also certain, was in no way dependent for its amount upon the number who should survive, and, hence, this case is not within the principle invoked.

The canon of interpretation to the effect that if there are two modes of interpreting a will, that is to be preferred which will prevent total or partial intestacy, has no application here. The statutes and decisions are controlling, and cannot be changed or rendered nugatory by any mere rule of construction. The decision of the Appellate Division was correct, and should be affirmed.

The order should be affirmed, with costs.

All concur.

Order affirmed.