(39 Misc. Rep. 735.)

#### LANGLEY v. WESTCHESTER TRUST CO. et al.

(Supreme Court, Special Term, New York County.   February, 1903.)

1. WILL—CONSTRUCTION.
   Testator divided his residuary estate equally between his sister and his two brothers. *Held*, that the share of a brother, who died before the testator, went to testator's next of kin, and did not pass to the survivors as a class.

Action by Edward D. W. Langley against the Westchester Trust Company and others to construe a will.   Decree rendered.

Burr & Davidson (Clarence L. Barber, of counsel), for plaintiff.
Remsen & Parsons, for Westchester Trust Company.
Forster, Hontling & Klenke (Wm. G. Choate and George A. Hotaling, of counsel), for Louis V. Sone.
Sidney Ward, in pro. per. and for Barker, executor.
Mannice, Abbott & Perry (Everett V. Abbott, of counsel), for Catherine C. K. Hagen.

TRUAX, J.   Francis C. Flemming made his will in 1880.   At that time his father, Thomas Flemming, his mother, Frances A. Flemming, his brothers, Walter Flemming and Henry Flemming, and his sister, Anna Flemming Kimball, were living.   He provided in his will that the executors therein named should convert all his property into money, and that the executors should purchase $50,000 of bonds and hold them in trust during the life of one Mary F. Cowie, she to receive the income thereof during her life, and after the death of the said Mary F. Cowie the testator bequeathed the $50,000 of bonds so to be purchased to his sister, Anna Flemming Kimball, and his two brothers, Walter and Henry Flemming, to be equally divided between the three, share and share alike.   The testator gave, devised, and bequeathed the rest, residue, and remainder of his estate, real and personal, in trust to his executors, who were to pay the income of said estate to the testator's father and mother in equal proportions during their lives, and, after the death of either, to pay to the survivor the whole of said income derived from such residue during the life of such survivor. And on the death of both father and mother he gave all the said estate to his sister, Anna Flemming Kimball, and to his brothers, Walter Flemming and Henry Flemming, their heirs and assigns, to be equally divided between them, share and share alike.   The above-named Walter Flemming died before the testator, Francis C. Flemming, and when the testator died his father and mother and his brother Henry, and sister, Anna, were living.   The question to be determined here is, did the testator die intestate as to the one-third of the estate bequeathed to his brother Walter Flemming, or did it go to the survivors, Anna Flemming Kimball and Henry Flemming, share and share alike?   I am of the opinion that said Francis C. Flemming died intestate as to the one-third of the estate bequeathed to his brother Walter Flemming.   Savage v. Burnham, 17 N. Y. 561; Beekman v. Bonsor, 23 N. Y. 298, 80 Am. Dec. 269; Downing v. Marshall, 23 N. Y. 366, 80 Am. Dec. 290; Everitt v. Everitt, 29 N. Y. 39; Embury

v. Sheldon, 68 N. Y. 227; Stevenson v. Lesley, 70 N. Y. 512; Monarque v. Monarque, 80 N. Y. 320; Delafield v. Shipman, 103 N. Y. 463, 9 N. E. 184; Matter of Wells, 113 N. Y. 396, 21 N. E. 137, 10 Am. St. Rep. 457; Hard v. Ashley, 117 N. Y. 606, 23 N. E. 177; Matter of Seebeck, 140 N. Y. 241, 35 N. E. 429; Matter of Kimberly's Estate, 150 N. Y. 90, 44 N. E. 945; Moffett v. Elmendorf, 152 N. Y. 475, 46 N. E. 845, 57 Am. St. Rep. 529; Matter of Brown, 154 N. Y. 313, 48 N. E. 537; Matter of Russell, 168 N. Y. 169, 61 N. E. 166.

In Matter of Russell, 168 N. Y. 169, 61 N. E. 166, the testator, James Russell, gave, devised, and bequeathed to his wife and children all the rest, residue, and remainder of his estate, to be divided equally between them, share and share alike; that is to say, to his wife one share, and to each child an equal share with his wife. He died leaving behind him surviving his widow and five children. One of his children married one James K. Black, and died thereafter without issue and intestate. The question before the Court of Appeals in the case above cited was what disposition should be made of the share of the residuary estate of the child so dying, and it was held that the devisees did not take as a class, but that each took distributively.

In Moffett v. Elmendorf, 152 N. Y. 475, 46 N. E. 845, 57 Am. St. Rep. 529, the devise was "to my aunt, Catherine Elwell, and my cousins, Mary S. Elmendorf, John D. Elwell [and others], each to take an equal share therein," and it was held that the beneficiaries took distributively, and not collectively, and that the lapsed devises went into the residuum of the estate, and not to the survivors. In Matter of Kimberly's Estate, 150 N. Y. 90, 44 N. E. 945, the testator gave, devised, and bequeathed all his estate, real and personal, of whatsoever kind, wheresoever situated, unto his three sisters, Mary, Annie, and Louisa. Mary died before the testator died. It was held that the words above mentioned constituted, by force of the statute (1 R. S. [1st Ed.] pt. 2, c. 1, tit. 2, p. 727, § 44), a tenancy in common, and not a joint tenancy or a bequest to a class. It was also further held that the statute above referred to applied to personal as well as real estate. Mr. Justice Martin, in writing the opinion of the court, said: "The canon of interpretation to the effect that, if there are two modes of interpreting a will, that is to be preferred which will prevent total or partial intestacy, has no application here. The statutes and decisions are controlling, and cannot be changed or rendered nugatory by any mere rule of construction." And to the same effect are the other cases above cited. I am of the opinion that one-third of the estate of Francis C. Flemming lapsed, and that Thomas Flemming, the father of Francis C. Flemming, took the said one-third of said Francis C. Flemming's estate as the sole next of kin of said Francis C. Flemming.

While the agreement of February 9th is an agreement to convey all the interest of Mrs. Skinner in the estate of Thomas Flemming, it did not convey. All that was in fact done by the parties to the agreement of February 9th is shown by the receipt signed by Mrs. Sutherland a few days after the execution of the agreement of February 9th, in which receipt Mrs. Sutherland uses the following language: "The foregoing being all the properties and assets agreed to be transferred

or conveyed to me by the said Frances A. Skinner under the agreement bearing date February 9, 1893, after the payment of costs and counsel fees and the debt due from the estate of Thomas Flemming to the estate of Francis C. Flemming." This was the instrument that closed the transaction, and, if there was any ambiguity in the agreement of February 9th, it was resolved by this receipt. It is also to be noticed that the instrument of February 9th makes no reference to the interest of Mrs. Skinner in the principal of the estate of Francis C. Flemming, while it does specify with great definiteness the property which it intended to transfer. For the reasons above stated I am of the opinion and I decide that the interest given and devised to Walter Flemming by Francis C. Flemming lapsed by the death of the said Walter Flemming prior to the death of the said Francis C. Flemming, and passed into the residuary estate of said Francis C. Flemming; that on the death of the said Francis C. Flemming his father, Thomas Flemming, succeeded to that interest as in cases of intestacy; that such interest is now owned by the plaintiff in this action; that as to the personal property the defendant the Westchester Trust Company should account to plaintiff as owner of one-sixth thereof except the corpus of the fund of $50,000, the income of which was to be paid to Mary F. Cowie during her natural life; that as to that fund the plaintiff has a vested estate in remainder to such portion thereof as passed on the death of the said Francis C. Flemming to Thomas Flemming; that as to the real estate the plaintiff has a vested estate in fee of one-half of that portion that was devised to Walter Flemming; and that the plaintiff is entitled to costs and an extra allowance, payable out of the estate.

Ordered accordingly.