that a wooden or metal sign could not be built on it, and yet remain within 12 inches (the distance beyond which the rules of the buliding department prohibited) of the front surface of the building. From the testimony given it appears that there was ample room in the space rented to the defendant to erect in a lawful manner a sign from 2 to 3 feet in width, or a series of such signs, to be placed one above the other in the space between the windows on the front of said building. The defendant has failed to show any reason for being relieved of the contract entered into, as we must assume, with a full knowledge of all the facts and circumstances. The judgment should be affirmed. Judgment affirmed, with costs.

LANGLEY v. WESTCHESTER TRUST CO. et al. (Supreme Court, Appellate Division, First Department. April Term, 1903.) Action by Edward D. W. Langley, individually and as administrator with the will annexed of Frances A. Skinner, deceased, against the Westchester Trust Company and others.

PER CURIAM. Judgment (80 N. Y. Supp. 959) affirmed, with costs. See memorandum.

VAN BRUNT, P. J., and LAUGHLIN, J., dissent.

LARSEN, Appellant, v. UNITED STATES MORTGAGE & TRUST CO., Respondent. (Supreme Court, Appellate Division, Second Department. November 13, 1903.) Action by Ludviska H. Larsen, as administratrix, etc., against the United States Mortgage & Trust Company. No opinion. Appeal dismissed, without costs. See Matter of National Gramophone Co., 82 App. Div. 593, 81 N. Y. Supp. 853.

LAURO, Respondent, v. STANDARD OIL CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 20, 1903.) Action by Andrea Lauro against the Standard Oil Company. No opinion. Judgment and order unanimously affirmed, with costs.

LEE TWEEDY & CO. v. SCHILLER, (Supreme Court, Appellate Term. November 6, 1903.) Action by Lee Tweedy & Co. against Eugene B. Schiller. From an order of the City Court, both parties appeal. Defendant's appeal dismissed. Reversed on plaintiff's appeal. L. J. D'Auby, for plaintiff. A. A. Joseph, for defendant.

BLANCHARD, J. The appeal of the defendant should be dismissed, but without costs, and the order, so far as appealed from by the plaintiff, should be reversed, and plaintiff allowed to amend his complaint, upon payment of $10 costs. All concur.

LEITH, Appellant, v. REESE et al., Respondents. (Supreme Court, Appellate Term. November 6, 1903.) Action by William S. Leith against Thomas Reese, Jr., and others. From an order sustaining a demurrer to the complaint, and from an interlocutory judgment entered thereon, plaintiff appeals. Affirmed. R.

H. Ludlow, for appellant. Keiley & Haviland, for respondents.

BLANCHARD, J. The complaint fails, in that it does not allege that the defendants procured the sale of the property. The complaint alleges that the American Bridge Company obtained a judgment, and that the defendants claimed to be the assignees; but at whose instance, although a sale of the property was had, the complaint is silent. The judgment must be affirmed, with costs. All concur.

LENNAN, Respondent, v. HAMBURG AMERICAN S. S. CO., Appellant. (Supreme Court, Appellate Division, First Department. October 16, 1903.) Action by Mary W. Lennan, as executrix, etc., against the Hamburg American Steamship Company. No opinion. Motion granted.

LEONARD, Respondent, v. DONOGHUE, Appellant. (Supreme Court, Appellate Division, Second Department. October 22, 1903.) Action by Julia Leonard, by David Leonard, her guardian ad litem, against Francis X. Donoghue. No opinion. Appeal dismissed, without costs; a new trial having been ordered in No. 507e.

LEONARD, Respondent, v. DONOGHUE, Appellant. (Supreme Court, Appellate Division, Second Department. November 13, 1903.) Action by Julia Leonard, by David Leonard, her guardian ad litem, against Francis X. Donoghue. No opinion. Motion denied.

In re LEVY. (Supreme Court, Appellate Division, Second Department. November 13, 1903.) In the matter of the estate of Philip Levy, deceased. No opinion. Motion to dismiss appeal denied.

LEWIS et al. v. POLLACK. (Supreme Court, Appellate Division, First Department. November 6, 1903.) Action by Frederick W. Lewis and others against William L. Pollack. No opinion. Motion denied.

LISNER v. TOPLITZ et al. (Supreme Court, Appellate Division, First Department. October 16, 1903.) Action by David Lisner against Samson L. Toplitz. No opinion. Motion granted. Question to be settled on settlement of order.

LITTAUER et al. v. STERN. (Supreme Court, Appellate Division, Third Department. December 3, 1903.) Action by Lucius N. Littauer and another against James Stern. No opinion. Motion granted, and the following question certified: After the granting and service of the order of Mr. Justice John M. Kellogg on the 9th day of May, 1903, were plaintiffs authorized to enter judgment as upon default before the time to answer as extended by said order expired?

LOOMIS v. LAKE SHORE & M. S. RY. CO. (Supreme Court, Appellate Division, Fourth Department. October 27, 1903.) Ac-