(60 Misc. Rep. 55.)

## In re KRUMMENACKER.

(Surrogate's Court, Queens County. June, 1908.)

WILLS—CONSTRUCTION—NATURE OF ESTATE.
    Testator gave the residue of his estate to his children named, or to any other child which may be subsequently born, for their own use, in equal shares. *Held*, that the children take as tenants in common, and therefore as to shares of children dying before testator's death he dies intestate.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1452, 1454.]

In the matter of the accounts of Regina Krummenacker, executrix of Simon Krummenacker. Decree rendered.

Nicholas Dietz, Jr., for executrix.
Louis Hess, special guardian, for infant parties.

NOBLE, S. In this proceeding the meaning and effect of the second paragraph of the will of the decedent is put in issue by the executrix, and its construction asked for under section 2624 of the Code of Civil Procedure. The paragraph in question, after making provision for the use of the estate by the wife of the testator during her lifetime, reads:

"And from and immediately after the decease of my said wife, I give and bequeath the same to my children, Sebastian, Anna, Simon, Stephen, Katharina and John Krummenacker, or any child by me begotten which may be born subsequent to the time of my decease, for their own use and benefit forever in equal shares, provided my aforesaid wife remains my widow."

The widow, who is also the executrix, claims that the testator died intestate as to one-third of the residuary estate, two of the children, Sebastian and Anna, having died subsequent to the making of the will and prior to the death of the testator, on the ground that, the testator having bequeathed his residuary estate to legatees specifically named, they take under the will as tenants in common, and not as joint tenants. The special guardian for the surviving infants claims that the intention of the testator was to divide his residuary estate among his children surviving at the time of his death; that, therefore, a joint tenancy was created; and that the four surviving children should share equally in the residuary estate, subject to the life estate of the widow, their mother.

The Revised Statutes provide that:

"Every estate granted or devised to two or more persons, in their own right, shall be a tenancy in common, unless expressly declared to be a joint tenancy." Rev. St. (1st Ed.) pt. 2, c. 1, tit. 2, art. 1, § 44; Everitt v. Everitt, 29 N. Y. 39, 72; Bliver v. Seymour, 88 N. Y. 469, 478; Van Brunt v. Van Brunt, 111 N. Y. 178, 187, 19 N. E. 60; Mills v. Husson, 140 N. Y. 99, 104, 35 N. E. 422.

In this case the gift was not to the children of the testator as a class, but to children specifically named; and therefore, upon the death of Sebastian and Anna, the legacies to them lapsed, and the decedent died intestate as to the portion of his property they would have taken, had they been living at the time of his death. Matter of Kimberly, 150 N. Y. 90, 94, 44 N. E. 945; Moffett v. Elmendorf, 152 N. Y. 475, 489, 46 N. E. 845, 57 Am. St. Rep. 529. In the Case of Kimberly the estate was to go to three sisters of the testator, Mary, Anna, and Louisa, of whom Mary predeceased the testator. In Moffett v. Elmendorf certain real property was devised to an aunt and seven cousins, specifically named, two of whom died before the testator. In both cases the court held that, certain designated persons having been named as legatees or devisees, they took as tenants in common, not as joint tenants, and that, therefore, there was an intestacy as to the portions of the estate that would have gone to the deceased legatees or devisees.

The special guardian claims that, the beneficiaries in this case being children of the testator, it was his intention that they should take as a class. But, if such was his intention, he failed to express it in his will, and, as there is nothing else to distinguish the case before me from those cited, it follows that the testator died intestate as to the portion of his estate bequeathed to the two children who predeceased him.

The special guardian has also submitted that the life tenant should be required to give security for her proper care and management of the residuary estate to be held in trust under the terms of the will; and her attorney has stated that she has no objection to giving such security as trustee, and not as executrix, but questions the right of the court to require it under section 2638 of the Code of Civil Procedure. The executrix may turn over the fund to herself as trustee, upon giving security.

Decreed accordingly.