Matter of White, reported in 118 App. Div. 869, 103 N. Y. Supp. 688, and the judge writing the opinion stated as follows:

"The status of this corporation must be determined by the statutory law and its certificate of incorporation rather than by what it has assumed to do thereunder."

This is the proper way of determining the status of any corporation claiming exemption under the Transfer Tax Law.

The above case was cited with approval in Matter of Moses, 138 App. Div. 525, 123 N. Y. Supp. 443.

It is an elementary rule of statutory construction that the words of a statute are to be given the usual ordinary meaning. McCluskey v. Cromwell, 11 N. Y. 593; Matter of O'Neil, 91 N. Y. 516; Matter of Daly, 79 Misc. Rep. 586, 141 N. Y. Supp. 199.

If the Legislature had intended to pass an act allowing exemptions to trustees for charitable purposes, they certainly would not have divided the section into two different paragraphs, one in which they exempted only devises and bequests to certain corporations and the other of which they exempted where the devise or bequest was to corporations for charitable purposes.

As the case at bar is a devise to trustees for a charitable purpose, by the most liberal construction, I am compelled to hold that even though there is a permissive right to form a corporation, where some steps have not actually been taken to form such a corporation, this fact in itself will not be sufficient to warrant an exemption under the first paragraph of section 221 of the Tax Law. If the corporation had been already formed when the application was made to this court, the result might be different. I am not called, however, to pass upon this question at this time. The corporation has never been formed.

Clearly the framers of this statute never intended any devise to a trustee for charitable purposes to be exempt under section 221. While fully appreciating the charitable intentions of the testatrix, I am of the opinion that the statute shows clearly that a tax must be imposed in this case upon the residuary estate transferred. If the law is severe, then the remedy lies with the Legislature and not with the courts.

Order affirmed.

(80 Misc. Rep. 383.)

In re SANDHUSEN.

(Surrogate's Court, Kings County. April, 1913.)

1. WILLS (§ 634*)—CONSTRUCTION—TRUST—DISTRIBUTION.
    Where a will gave testator's personal assets to executors in trust, to invest and pay the income to his sister for life, with remainder to her children, and there was no residuary clause, intestacy resulted as to the principal of the trust upon the death of the life tenant leaving no children; the gift to the children being contingent upon their surviving their mother, and not vesting in them upon testator's death.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. WILLS (§ 523*)—"GIFT TO A CLASS."

    A "gift to a class" is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some other definite proportions; the share of each being dependent for its amount upon the ultimate number.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1115; Dec. Dig. § 523.*]

Proceeding upon the final judicial settlement of the account of George Sandhusen as testamentary trustee, etc. Decreed according to opinion.

John E. Bullwinkel, of New York City, for accountant.

J. Fred Alsgood, of New York City, for heirs and next of kin.

James & Thomas H. Troy, of Brooklyn (James Troy of Brooklyn, of counsel), for Hetty Meyer.

Charles K. Terry, of Brooklyn, special guardian.

KETCHAM, S. [1] In the will under which this account is made there is a gift of personal assets to the executors, in trust, for the following purposes:

    "A. To invest the same * * * and to pay to my sister, Anna Louise Steffens, * * * all the income of my estate during her natural life.

    "B. Immediately after the death of my said sister, to divide my estate into as many equal shares as my said sister leaves children, and to pay to each of them their share or moiety as they respectively arrive at the age of twenty-one years."

There is no residuary clause. Anna Louise Steffens, named in the quotation supra, died after the testator, having had children, but leaving none surviving her.

The question is presented whether the gift to the children of Anna Louise Steffens was, as to each of such children, vested upon the testator's death or was contingent upon survival of such children at the time of the mother's death. If the gift over was to a class, it was future and contingent.

    "Where final division and distribution is to be made among a class, the benefits of a will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be. made."

This expression, found in Matter of Baer, 147 N. Y. 348, 41 N. E. 702, is adopted in Salter v. Drowne, 205 N. Y. 204, 98 N. E. 401.

[2] Where, in a trust, the only gift over upon the death of a life beneficiary is contained in a direction to divide, and the division is to be made among such children of a person named as shall survive their parent, there is presented with unusual distinctness a direction to divide among a class.

    "A gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some other definite proportions; the share

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of each being dependent for its amount upon the ultimate number." Matter of Kimberly, 150 N. Y. 90, 93, 44 N. E. 945, 946.

A provision sufficiently like the one now under examination, but less favorable to the claim of a vesting of the remainder, is considered by the Appellate Division of the First Department in Cammann v. Bailey, 141 N. Y. Supp. 41, and is there construed to intend a contingent remainder only.

That the shares to be paid to the children of Mrs. Steffens are called "their share" gives no color to the contention that any share vested in any child at the testator's death; for if without recourse to the words last quoted the only division intended by the will was one by which "shares" should be distributed among surviving children, the words "their share" would receive ample meaning if referred to the shares which would reach the children found to be entitled. Cammann v. Bailey, supra.

Upon the death of the life tenant, leaving no children, intestacy results as to the principal of the trust, and the decree of distribution should be made accordingly.

Decreed accordingly.