the trial the verdict is against the weight of evidence. I realize that the plaintiff is at a disadvantage in not having an eyewitness of the accident, but nevertheless there are some facts not disclosed at the trial which are susceptible of proof.

The verdict is set aside and a new trial granted.

Motion granted.

(82 Misc. Rep. 130.)

## In re ATWATER.

(Surrogate's Court, New York County. August, 1913.)

WILLS (§ 524*)—CONSTRUCTION.

　　Under a will bequeathing a certain sum in trust with instructions to pay the income to testator's stepsister for life and bequeathing the principal sum to "her children living at her death" share and share alike, the remainder in interest in the trust fund was distributable only among those remaindermen who survived both the life tenant and testator, where the life tenant died before testator leaving four children, all of whom survived testator except a daughter, who died leaving five children.

　　[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1116–1127; Dec. Dig. § 524.*]

Judicial settlement of account of David F. Atwater, as executor, etc. Decreed according to opinion.

Hawkins, Delafield & Longfellow, of New York City, for executor.

Ernest P. Hoes, of New York City, for Frances S. Spencer, Sophia S. Cammann, and Constance S. Heckscher.

Frederick F. De Rham, of New York City, for Frederick de P. Foster, as executor of Edward Spencer, deceased.

Myers & Goldsmith, of New York City, for Charles B. Stone and Alexander D. Canter.

Stetson, Jennings & Russell, of New York City, for New York Trust Co.

Daniel J. Mooney, of New York City, special guardian.

COHALAN, S. The testator died November 1, 1911, leaving a last will bearing date August 19, 1895, and which was duly admitted to probate on the 20th day of November, 1911. After making several bequests the testator provided in paragraph seventh as follows:

　"Seventh. I give to my nephew, George Walton Green, the sum of twenty thousand dollars, in trust, nevertheless, and for the following uses and purposes, that is to say: That he shall loan out or invest the same in such securities as he in his best judgment may think safe, and shall collect and receive the interest and income arising therefrom and shall pay the same semiannually unto my stepsister, Mrs. A. L. Stone, widow of Rev. Dr. A. L. Stone, of San Francisco, in the state of California, during her natural life, and upon her death I give the said principal sum of twenty thousand dollars *unto her children living at her death*, to be divided equally among them, share and share alike."

And in paragraph twelfth as follows:

　"Twelfth. I give to my nephew, George Walton Green, the sum of twenty thousand dollars, in trust, nevertheless, and for the following uses and purposes, that is to say: That he shall loan out or invest the same in such se-

curities as he in his best judgment may think safe, and shall collect and receive the interest and income arising therefrom and shall pay the same semiannually unto my brother-in-law and sister-in-law, Harvey Spencer and his wife, Sophia Spencer, to be divided equally between them, share and share alike; and upon the death of either of them he shall pay over the whole of said income unto the survivor of them; and upon the death of such survivor I give the said principal sum of twenty thousand dollars to *their children living at their death*, to be divided equally among them, share and share alike."

The executor has filed his account herein and seeks a construction of these two paragraphs of the will so as to determine to whom the legacies of the remainder bequeathed by these two clauses should be paid.

First taking paragraph seventh, it is conceded that Mrs. A. L. Stone, the life tenant, died December 24, 1904, and before the testator, leaving her surviving four children, Frank F. Stone, Katie R. Stone, Charles B. Stone, and Ellen Stone Baker. All of these children survived the testator except Ellen Stone Baker, who died March 3, 1911, leaving five children her surviving. The executor asks this court to determine whether the remainder interest in the fund is distributable among the four children of the life tenant surviving her, including representatives of Ellen Stone Baker, who predeceased testator, or whether Ellen Stone Baker's share lapsed and passed to the residuary, or whether the fund is distributable to the three children of the life tenant who survived both her and the testator.

The same question is presented in paragraph twelfth of the will. Sophia Spencer, one of the life tenants, died January 19, 1896, and before the testator. Harvey Spencer, her husband, and the other life tenant died July 16, 1898, also before the testator. The children of the life tenants surviving them were Harvey Spencer, Jr., who died October 6, 1904, and before the testator; George H. Spencer, who died June 23, 1907, and before the testator; Edward Spencer, who died December 30, 1911, after the testator; and Sophia S. Cammann, Constance S. Heckscher, and Frances S. Spencer, still living.

There seems to be no question but that the gifts of the remainder interests, after the termination of the life tenancies created by paragraphs seventh and twelfth of this will, are gifts to a class within the scope of the definition of a gift to a class as laid down by the Court of Appeals in Matter of Kimberly, 150 N. Y. 90, 44 N. E. 945, and Matter of King, 200 N. Y. 189, 93 N. E. 484, 34 L. R. A. (N. S.) 945, 21 Ann. Cas. 412. Matter of King is not applicable to this case except for the general definition as to what is a gift to a class, for the reason that the facts in that case are not the same. In Matter of King the gift was to nephews and nieces of the deceased husband of testatrix "who were living at the death" of said husband. That will was executed in 1867, and the husband at that time was not living, having died in 1866. At the time of the execution of the will there were nine such nephews and nieces living. When the testatrix died in 1906, there were four nephews and nieces alive, and the court held that the surviving nephews and nieces took only their own shares and that there was a lapse of the shares of the five who predeceased the tes-

tatrix; those five shares passing into the residuary estate, the legacies not being to "a body of persons uncertain in number at the time of the gift, to be ascertained at some future time," but to certain persons "so described as to be fixed at the time of the gift." It was a gift to designated persons, as much so as if enumerated by name, ascertainable at the date of the will. The number of legatees was never uncertain, for the event by which they became fixed had already occurred before the date of the will.

The situation in this case is not the same. There was an uncertainty as to who would constitute the beneficiaries of this remainder interest until the death of the respective life tenants, which did not occur until after the execution of the will. There was no definite number of individuals, but a class which might be either increased or diminished after the date of the will and before the occurrence of the event when the distribution was to take place. These legacies being gifts to a class, the time for determining who are the persons constituting the class is at the death of the testator, and only those who answer that description when the estate is to be turned over can take. Campbell v. Rawdon, 18 N. Y. 412, 415; Matter of Brown, 154 N. Y. 313, 326, 48 N. E. 537; Gilliam v. Guaranty Trust Co., 186 N. Y. 127, 78 N. E. 697, 116 Am. St. Rep. 536. Therefore only those remaindermen take who survived both the life tenants and the testator.

Decreed accordingly.