In the Matter of the Accounting of CENTRAL UNION TRUST COMPANY OF NEW YORK et al., as Trustees under the Will of LILLIAN S. GILLESPIE, Deceased, Respondents.

JOHN S. ROGERS, JR., et al., Appellants; CATHERINE D. ROGERS et al., Respondents.

**Will — devise to " children, surviving me, of my cousin "— children living at death of testatrix take entire devise — after-born child not entitled to participate.**

Where by the terms of her will testatrix directed the executors to divide the residue of her estate " into as many separate parts as there may be children, *surviving me*, of my cousin," followed by references to " said respective children," " respective lives " and " each child," the bequest made was not to a class but rather a gift to certain specified persons who should survive the testatrix, and where, upon her death, four children of her cousin survived her they are the beneficiaries of the residue of the estate and a child thereafter born to said cousin is not entitled to share therein.

*Matter of Gillespie,* 199 App. Div. 103, reversed.

(Submitted April 18, 1922; decided May 31, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 23, 1921, which modified and affirmed as modified a decree of the Orange County Surrogate's Court settling the accounts of the trustee and directing distribution of the estate of Lillian S. Gillespie, deceased.

*William F. Cassedy* for appellants. The residuary estate vested in the four children of Catherine Cossitt Dodge Rogers who were living at the time of the death of testatrix. (*Campbell* v. *Rawdon,* 18 N. Y. 412; *Matter of Embree,* 9 App. Div. 602; 154 N. Y. 778; *Cammann* v. *Bailey,* 201 N. Y. 19; *Fulton Trust Company* v. *Phillips,* 218 N. Y. 573; *Matter of Brown,* 154 N. Y. 313; *Warner* v. *Durant,* 76 N. Y. 133; *Vanderpoel* v. *Loew,* 112 N. Y. 167; *Goebel* v. *Wolf,* 113 N. Y. 405; *Matter of Tienken,* 131 N. Y. 391; *Bowditch* v. *Ayrault,* 138 N. Y. 222; *Matter of*

*Young,* 145 N. Y. 535; *Steinway* v. *Steinway,* 163 N. Y. 183.) The trusts which will revert to the residuary estate also vested in the said four children of Catherine Cossitt Dodge Rogers at time of death of testatrix. (*Baylies* v. *Hamilton,* 36 App. Div. 133; 165 N. Y. 641; *Bowditch* v. *Ayrault,* 138 N. Y. 222.) The words " surviving me," in item eighteenth of the will refer to children living at time of death of testatrix. (*Matter of Millen,* 97 Misc. Rep. 211.)

*George H. Porter, Russell Wiggins* and *John S. Rogers* for respondents. The beneficiaries of the residuary estate take as a class and not as individuals. (*Matter of Kimberly,* 150 N. Y. 90; *Matter of Brown,* 154 N. Y. 313; *Matter of King,* 200 N. Y. 189.) The gift of the residue is a future contingent one and membership in the class is determinable at the arrival of the time for its distribution. (Real Prop. Law, § 40; *Moore* v. *Littel,* 41 N. Y. 66; *Smith* v. *Edwards,* 88 N. Y. 92; *Delaney* v. *McCormack,* 88 N. Y. 174; *Goebel* v. *Wolf,* 113 N. Y. 405; *Matter of Baer,* 147 N. Y. 348; *Matter of Crane,* 164 N. Y. 71; *Dougherty* v. *Thompson,* 167 N. Y. 472; *Lewisohn* v. *Henry,* 179 N. Y. 352; *Matter of Buechner,* 226 N. Y. 440; *Matter of Keogh,* 47 Misc. Rep. 37; 112 App. Div. 414; 186 N. Y. 544; *Matter of Vander Roest,* 95 Misc. Rep. 21; 220 N. Y. 664.) All of the children of Catherine Cossitt Dodge Rogers living at the time the fund is distributable are entitled to share in it. (*Cripp* v. *Wolcott,* 4 Madd. 11; *Matter of Gregson,* 2 G. J. & S. 428; *Denny* v. *Kettell,* 135 Mass. 138; *Coveny* v. *McLaughlin,* 148 Mass. 576; *Holcomb* v. *Lake,* 24 N. J. L. 668; *Williamson* v. *Chamberlain,* 10 N. J. Eq. 373; *Slack* v. *Bird,* 23 N. J. Eq. 238; *Ashhurst* v. *Potter,* 53 N. J. Eq. 608; *Bailey* v. *Brown,* 19 R. I. 669; *Blatchford* v. *Newberry,* 99 Ill. 11; *Cheney* v. *Teese,* 108 Ill. 473; *Teed* v. *Morton,* 60 N. Y. 506.)

HOGAN, J. On August 22d, 1915, Lillian Stokes Gillespie departed this life, leaving a last will and testa-

1922.]          Opinion, per HOGAN, J.          [233 N. Y. 383]

ment which was admitted to probate on September 23d, 1915. In and by the terms of said will, Central Union Trust Company of New York and Robert McM. Gillespie were named as executors and trustees and qualified as such. Upon the settlement of the accounts of the trustees, the surrogate was called upon to construe the residuary clause of the will. The construction placed upon the same by the surrogate, as modified by the Appellate Division, is before us for review.

The clause of the will in question reads as follows:

" I direct my Executors to divide the residue of my estate into as many separate parts as there may be children, surviving me, of my cousin, Catherine Cossitt Dodge Rogers; but these parts shall be so divided in amounts that any child of hers having the name of Cossitt in his or her name, shall have twice the amount of any child not having the name of Cossitt as above; and all those having the name of Cossitt, as above, shall each have the same amount; and each of these not having the name of Cossitt, as above, shall each have the same amount: And I direct my Trustees to hold said separate trusts for said respective children for their respective lives, paying them, respectively, the income therefrom quarterly, and when each child respectively reaches the age of twenty-one (21) years, the principal so held in trust for it shall be paid over to it absolutely."

Catherine Cossitt Dodge Rogers on August 22d, 1915, had four children, one of whom had the name of " Cossitt " in his name. On April 25th, 1919, upwards of three years after the death of the testatrix, Catherine Dodge Rogers was born, and the Appellate Division has held adverse to the decision of the surrogate that the testatrix intended a gift to a class to take effect in enjoyment at a future time and that Catherine Dodge Rogers was entitled to share in the distribution of the estate.

We are of a contrary opinion. The will directs the

[233 N. Y. 383]          Opinion, per HOGAN, J.          [May,

executors to divide the residue of the estate of the testatrix " into as many separate parts as there may be children, *surviving me*, of my cousin, Catherine Cossitt Dodge Rogers." At the time of the death of testatrix there were four children of Catherine Cossitt Dodge Rogers who survived testatrix, one of whom was to share in the residuary estate to the extent of two-fifths thereof and the remaining three children were to receive a one-fifth each. Under the decision of the Appellate Division, a child born three years later than the death of testatrix is awarded an interest of one-sixth of the residue of the estate, while the remaining interests therein are reduced.

The language of the residuary clause of the will is definite and unambiguous and the intention of the testatrix expressed in clear and unmistakable terms. In concise language the testatrix directed a division of the residue of her estate " into as many separate parts as there may be children, surviving me, of my cousin." Four children of her cousin survived the testatrix. That such separate parts were to be set up in favor of the beneficiaries surviving the testatrix is apparent from the direction to the trustees " to hold said separate trusts for said respective children for their respective lives, paying them, respectively, the income therefrom quarterly, and when each child respectively reaches the age of twenty-one (21) years, the principal so held in trust shall be paid over to it absolutely." Thus the testatrix in the use of the words " said respective children," " respective lives," " each child " emphasizes her expressed intention that the children of her cousin who survived her, the testatrix, were to be the beneficiaries of the residue of her estate. The clause of the will in question left no uncertainty as to the number of persons or the share each one was to receive; therefore, the bequest made was not to a class but rather a gift to certain specified persons who should survive the testatrix. (*Matter of Buechner*,

226 N. Y. 440; *Matter of Kimberly*, 150 N. Y. 90; *Matter of King*, 200 N. Y. 189.) Any other construction would involve a new apportionment of the residue upon the birth of additional children to Catherine Cossitt Dodge Rogers, and thus the residuary estate would be distributable not as directed by the testatrix to the children of her cousin " surviving me," but in part amongst children born after the death of the testatrix.

The order of the Appellate Division should be reversed and the decree of the surrogate affirmed, with costs in this court and Appellate Division payable out of estate.

Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane and Andrews, JJ., concur.

Order reversed, etc.