Surrogate's Court, Westchester County, June, 1923.       [Vol. 123

including this plaintiff, by any express covenant or reservation in the deeds, the word "appurtenances" being insufficient for that purpose. It did not pass by implication of law as a "way of necessity," as a substitute right of way has at all times been available on or over the alleged dominant estate, owned by the plaintiff. It follows, therefore, that judgment must be granted in favor of the defendant.

Judgment accordingly.

---

In the Matter of the Final Judicial Settlement of the Account of Proceedings of FORSTER W. DOUGLASS, as Administrator with the Will Annexed of the Goods, Chattels and Credits of ADDIE D. FOX, Deceased.

Surrogate's Court, Westchester County, June 30, 1923.

Wills — construction — gift to class — equal division of gift between remaindermen in event of death of testatrix's sister before termination of trust — number of persons to partake of gift determinable at death of named beneficiary — words "before the termination of the trust created," etc., rejected as inconsistent with context of will.

A gift to a class is a gift of an aggregate sum to a group of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some definite proportions, the share of each being dependent for its amount upon the ultimate number.

Accordingly, a will will be construed as supporting the interpretation that the number of persons to partake of the gift is determinable at the death of a named beneficiary where the instrument in creating the trust estate provided for an equal division in fee between the testatrix's brother, mother and sister in the event of the death of a second sister " before the termination of the trust created " in an earlier portion of the will.

The words " before the termination of the trust created," etc., will be rejected as meaningless since they are not consistent with the context of the will itself.

PROCEEDINGS to construe a will.

*Wallin, Beckwith & Edie,* for the petitioner.

*Fox & Weller,* for Mary O. Schuyler.

*Henry C. Willcox,* for the American Surety Company.

SLATER, S. The court in admitting the will of the above-named decedent to probate held to be void paragraphs " second," " third," " fourth " and the appointment of Lizzie C. Douglass as executrix in paragraph " seventh." The court is now asked to construe said will as to the distribution of the estate.

Elizabeth C. Douglass, the mother, predeceased the testatrix

and Mary C. Odell survived the testatrix about four months with the result that the brother, Forster W. Douglass, and the sister, Lizzie C. Douglass, each became entitled to one-third of the estate, with the other one-third being given to the executors and trustees " to invest and keep invested for the use and benefit of the sister Mary C. Odell." The question arises as to whether this trust estate is ultimately disposed of by paragraph " eighth " which reads as follows: " In the event of the death of my sister Mary C. Odell, before the termination of the trust created in Paragraph Fifth herein, the one-fourth part of my estate therein described, with any increase as provided in Paragraph Seventh, shall be divided equally in fee between my brother, mother and sister her surviving."

The words " before the termination of the trust created in Paragraph Fifth herein " are meaningless and must be rejected as they are not consistent with the context of the will. *Matter of Hunt,* 116 Misc. Rep. 23; *Matter of Buechner,* 226 N. Y. 440. In legal contemplation, a gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some definite proportions, the share of each being dependent for its amount upon the ultimate number. 1 Jarman Wills (Big. 6th Am. ed.), 269; *Matter of Kimberly,* 150 N. Y. 90.

Here the general scheme of the will supports the interpretation that the number of persons to partake of the gift was to be determined at the death of the sister Mary C. Odell. The brother, mother and sister were vested with the corpus of the trust for the sister Mary C. Odell, subject to be divested thereof if they failed to survive her. The share of each could only be determined when it became known who of said three persons were to survive Mary C. Odell. The brother and sister were the only ones of the three persons named to survive Mary C. Odell; thus they received her trust estate and each thereby became entitled to one-half of the whole estate.

Mary O. Schuyler, the daughter of Mary C. Odell, is entitled to any unpaid income due at the time of the death of Mary C. Odell.

Decreed accordingly.