In the Matter of the Construction of the Last Will and Testament of MYRON D. BRIGGS, Deceased.

Surrogate's Court, Clinton County, March 30, 1928.

**Wills — construction — testator directed remainder of his estate " both real and personal, be divided equally among " wife and two daughters — wife predeceased testator, leaving daughters surviving — only one daughter had been legally adopted — bequest creates tenancy in common within meaning of Real Property Law, § 66 — bequest to wife lapsed on her death — legally adopted daughter became entitled to interest which wife would have taken had she survived testator — bequest was not to class — testator died intestate as to one-third of remaining estate to which only legally adopted daughter is entitled.**

Testator directed that the remainder of his estate, " both real and personal, be divided equally among " his wife and two daughters, only one of whom had been legally adopted. On the death of the wife, prior to the testator, leaving the daughters surviving, the bequest, having created a tenancy in common within the meaning of section 66 of the Real Property Law, lapsed and the legally adopted daughter alone became entitled to the interest which the wife would have taken had she survived the testator.

The bequest was not made to the three persons named as a class, for a gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time; the clause in question here left no uncertainty as to the number of persons or the share which each one was to take.

Consequently, the testator died intestate as to one-third of his residuary estate and the only legally adopted daughter inherits that part of the estate of which testator died intestate.

PROCEEDING for the construction of a will.

*Allen & Allen* [*Seth S. Allen* of counsel], for the petitioner.

HARRINGTON, S. The decedent died on December 26, 1926, and was at the time of his death a resident of the town of Champlain, Clinton county, N. Y. His will was duly admitted to probate by this court on January 23, 1928. The citation for probate included a request for the judicial construction of the will. The order admitting the will to probate provided that all questions raised regarding the judicial construction of the will be reserved for future consideration and decree, pursuant to section 145 of the Surrogate's Court Act.

After making two specific bequests, the testator bequeathed and devised the remainder of his estate as follows: " I direct that the balance or remainder of my estate, both real and personal, be divided equally among the following persons:— my wife, Myra D. Briggs, and my two daughters, Helen L. Briggs and Mildred D. Briggs."

Myra D. Briggs, decedent's wife, predeceased the testator, and neither the testator nor his wife were survived by any direct descendants. They had, however, legally adopted Helen L. Briggs. They had also cared for Mildred D. Briggs from her infancy, giving to her their name and in all ways treating her as their own child, but had never legally adopted her. Both of these persons survived the testator.

The inquiry here is as to the proper disposition to be made of that share of testator's estate bequeathed and devised to his wife, who predeceased him. To determine this will first necessitate defining the nature of the estate so bequeathed and devised to Mrs. Briggs. Section 66 of the Real Property Law provides as follows: " Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy; but every estate, vested in executors or trustees as such, shall be held by them in joint tenancy. This section shall apply as well to estates already created or vested as to estates hereafter granted or devised." The above statute applies to personal as well as real estate. (*Matter of Kimberly*, 150 N. Y. 90; cited with approval in *Matter of Blumenthal*, 236 id. 448, 453.) It would, therefore, seem clear that the bequest and devise made by the testator in the clause in question created a tenancy in common among the three persons therein mentioned.

46

Surrogate's Court, Clinton County, March, 1928.          [Vol. 131

At common law the death of a legatee or devisee prior to the testator caused such devise or bequest to lapse. This rule is still in force in this State, except as modified by section 29 of the Decedent Estate Law (as amd. by Laws of 1912, chap. 384). (*Matter of Wells*, 113 N. Y. 396, 400; cited with approval in *Matter of Evans*, 234 id. 42, 45.) Hence, if this bequest and devise to the persons named in the clause in question had been a specific bequest and devise, without doubt it would have to be conceded that the bequest and devise to the decedent's wife lapsed upon her decease prior to that of the testator, as a wife is not one of the persons excepted by section 29 of the Decedent Estate Law from the operation of the common-law rule as above mentioned. In such event the testator would have died intestate as to that part of his estate so devised and bequeathed to his wife, and Helen L. Briggs, the only adopted daughter of the testator and his wife, would have inherited the same. (Dom. Rel. Law, § 114, as amd. by Laws of 1925, chap. 323.)

I believe we must assume that the clause in question is in fact, and was so intended to be, a residuary clause. However, the rule in regard to lapsed bequests and devises appears to be the same whether such bequests or devises are specific or are made in the residuary clause of a will. (*Matter of Hoffman*, 201 N. Y. 247; *Matter of Tamargo*, 220 id. 225, 228; *Wright* v. *Wright*, 225 id. 329, 340, 341; *Waterman* v. *N. Y. Life Ins. & Trust Co.*, 237 id. 293, 300.) Accordingly, although the lapsed bequest and devise appears in a residuary clause, the same must be held to descend to the testator's heirs at law, according to the laws of intestacy, and not to pass to the remaining residuary legatees and devisees. Helen L. Briggs, as the only adopted daughter of the decedent and his wife, will, therefore, succeed to the interest in decedent's estate which his wife would have taken had she survived him, to the exclusion of Mildred D. Briggs, who was never legally adopted.

Only one other theory is advanced to indicate that Helen L. Briggs and Mildred D. Briggs might jointly inherit that part of testator's estate of which he died intestate, namely, that the bequest and devise in the clause in question was made to the three persons therein mentioned as a class. A gift to a class has been defined as " a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, and who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number of persons." (1 Jarm. Wills [6th Am. ed.], *232.) This definition has been approved and followed in *Matter of Kimberly* (*supra*, 93) and in *Matter of King* (200 N. Y. 189, 193). The

clause in question left no uncertainty as to the number of persons or the share each one was to receive. The bequest and devise therein was not, therefore, made to a class. (*Matter of Kimberly, supra; Matter of King, supra; Matter of Gillespie*, 233 N. Y. 383, 386, 387.)

Let the decree construing the clause in question of decedent's will provide that the bequest and devise to the decedent's wife lapsed upon her death; that the testator died intestate as to one-third of his residuary estate, and that Helen L. Briggs, the only legally adopted daughter of the decedent, inherits that part of decedent's estate of which he died intestate.

Prepare decree accordingly.