In the Matter of the Judicial Settlement of the Account of CHARLES L. WOOLLEY, Administrator with the Will Annexed of the Goods, Chattels and Credits of HENRY C. WOOLLEY, Deceased, Respondent.

CHARLES H. HAWKINS and PHŒBE AMELIA VERMILYE, Certain Next of Kin, Appellants.

*Will — a residuary clause held not to cover by the last paragraph legacies given by prior paragraphs which had lapsed.*

The residuary clause of a will provided: "*Seventh*. All the rest, residue and remainder of my estate, real and personal, or of whatsoever the same may consist or wheresoever the same may be situate, which at the time of my death I may have, hold or be entitled to, I give, devise and bequeath to my executors

hereinafter named, to have and to hold the same in trust for the uses and purposes following: To sell and dispose of the same and apply the proceeds as follows:

"*First.* To pay the one-fifth part thereof to my sister, Sarah Ann Jarvis.

"*Second.* To pay the one-fifth part thereof to my sister, Eliza Jane Reed.

"*Third.* To pay the one-fifth part thereof to my sister, Mary A. Simmons.

"*Fourth.* To pay the one-fifth part thereof to my brother, Oliver J. Woolley.

"*Fifth.* To pay the one-tenth part thereof to my friend, Caroline S. Dean.

"*Sixth.* To pay to Mary Black, wife of John H. Black, the sum of Two hundred dollars.

"*Seventh.* To pay to George H. Black, son of said John H. Black, the sum of Two hundred dollars.

"*Eighth.* To pay to Mary A. Black, daughter of John H. Black, the sum of Two hundred dollars.

"*Ninth.* To pay to Henry C. W. Black, a son of said John H. Black, when he arrives at full age, the sum of Two hundred dollars.

"*Tenth.* To divide all the rest, residue and remainder of said proceeds among the children of my brother Oliver J. Woolley, share and share alike, when they respectively arrive at the age of twenty-one years."

*Held,* that the 10th subdivision of the residuary clause only included that portion of the residuary estate not mentioned in the first nine subdivisions of that clause, and that, in the event of the death of any of the beneficiaries specified in such first nine subdivisions, the legacies bequeathed to such deceased beneficiaries would not pass under the 10th subdivision, but that there would be intestacy as to such legacies, and they would pass to the testator's next of kin.

APPEAL by Charles H. Hawkins and another, certain next of kin and heirs at law of Henry C. Woolley, deceased, from a decree of the Surrogate's Court of New York county, entered in said Surrogate's Court on the 19th day of August, 1902, judicially settling the accounts of Charles L. Woolley, as administrator with the will annexed of the goods, chattels and credits of Henry C. Woolley, deceased, and directing that the residuary estate of the said Henry C. Woolley, deceased, which lapsed by the death of the residuary legatees, Sarah Ann Jarvis, Mary A. Simmons and Oliver J. Woolley, during the lifetime of the testator, be distributed to and among the children of Oliver J. Woolley.

*G. P. Foulk,* for the appellants.

*George W. Weiffenbach,* for the respondent.

O'BRIEN, J.:

The testator's will was made May 31, 1881, and upon his death admitted to probate July 2, 1901. Three legatees mentioned in the 7th or residuary paragraph had died before the testator;

and the question arises whether the shares therein specified that they should receive shall be paid to the persons named in the final subdivision of the residuary paragraph or whether the testator as to these sums died intestate and they must be divided among the next of kin. The surrogate held that the testator did not die intestate as to these moneys and directed that the persons mentioned in the final subdivision of the residuary paragraph should receive them. From the decree so entered the next of kin appeal.

The 7th or residuary clause is as follows:

"*Seventh.* All the rest, residue and remainder of my estate, real and personal, or of whatsoever the same may consist or wheresoever the same may be situate, which at the time of my death I may have, hold or be entitled to, I give, devise and bequeath to my executors hereinafter named, to have and to hold the same in trust for the uses and purposes following: To sell and dispose of the same and apply the proceeds as follows:

"*First.* To pay the one-fifth part thereof to my sister, Sarah Ann Jarvis.

"*Second.* To pay the one-fifth part thereof to my sister, Eliza Jane Reed.

"*Third.* To pay the one-fifth part thereof to my sister, Mary A. Simmons.

"*Fourth.* To pay the one-fifth part thereof to my brother, Oliver J. Woolley.

"*Fifth.* To pay the one-tenth part thereof to my friend, Caroline S. Dean.

"*Sixth.* To pay to Mary Black, wife of John H. Black, the sum of Two hundred dollars.

"*Seventh.* To pay to George H. Black, son of said John H. Black, the sum of Two hundred dollars.

"*Eighth.* To pay to Mary A. Black, daughter of said John H. Black, the sum of Two hundred dollars.

"*Ninth.* To pay to Henry C. W. Black, a son of said John H. Black, when he arrives at full age the sum of Two hundred dollars.

"*Tenth.* To divide all the rest, residue and remainder of said proceeds among the children of my brother Oliver J. Woolley, share and share alike, when they respectively arrive at the age of twenty-one years."

Two of the sisters, Sarah Ann Jarvis and Mary A. Simmons, and the brother, Oliver J. Wooley, above mentioned, each named to receive a one-fifth part, died prior to the death of the testator; and it is conceded that their legacies, so designated, lapsed. The question presented is whether such legacies are to go to the children of Oliver J. Wooley under the 10th subdivision of this paragraph, or are to be divided among the next of kin on the ground that the testator as to them died intestate. Do the words "rest, residue and remainder," used in this 10th subdivision, include such sums mentioned in the preceding subdivisions of the 7th paragraph as would lapse by death of the persons named?

We think that the 7th paragraph is a general residuary clause and that the subdivision referred to, subdivision 10, disposes merely of the residue of the remainder. This conclusion is supported by the numbering and arrangement of the clauses of the will, the 10th subdivision not being a clause of itself, but merely a part of a clause. That subdivision, moreover, provides distinctly that the rest and remainder "of said proceeds" (not of what is otherwise undisposed of) is to be divided among the children of Oliver J. Wooley; and the proceeds referred to are those which came into the operation of the 7th or residuary paragraph, because not bequeathed by the preceding paragraphs. Of such proceeds, the three persons named in subdivisions 1, 3 and 4 of that paragraph, and who died before the testator, were each to receive a one-fifth part; and it was only what remained of such proceeds, after the apportionment set forth was made, that those named in the 10th subdivision were to take. As said in *Matter of Benson* (96 N. Y. 510), " the testator may, by the terms of the bequest, narrow the title of the residuary legatees, as where it appears to be his intention that the residuary legatee shall have only what remains after the payment of legacies; and he may so circumscribe and confine the residue as that the residuary legatee will be a specific legatee, and then he will not be entitled to any benefit accruing from lapses unless what shall have lapsed constitute a part of the particular residue."

We think that is precisely what has been done by the testator in this case. The 10th subdivision cannot be regarded as a general residuary clause of the will, unequivocal in terms. The 7th para-

graph serves that office and provides what shall be done with the testator's property not bequeathed by the preceding clauses, and by it the proceeds of such property are divided into different portions and given to specified persons, and only what is left of such proceeds after such apportionment is given to the beneficiaries named in the 10th subdivision. It follows that the 1st, 3d, 4th, 5th, 6th, 7th, 8th and 9th subdivisions of paragraph 7 constitute specific legacies, and the lapse of any of them did not add to what was designated in the 10th subdivision, which also constitutes a specific legacy. As held in *Kerr* v. *Dougherty* (79 N. Y. 346) : " The general rule is that in a will of personal property the general residuary clause carries whatever is not otherwise legally disposed of. But this rule does not apply where the bequest is of a residue of a residue and the first disposition fails." This was held in *Beekman* v. *Bonsor* (23 N. Y. 298, 312), and it was there laid down, quoting from the master of the rolls in *Skrymsher* v. *Northcote* (1 Swanst. 570) : " It seems clear, on the authorities, that a part of the residue of which the disposition fails will not accrue in augmentation of the remaining parts as a residue of residue ; but instead of resuming the nature of residue, devolves as undisposed of." (See, also, *Riker* v. *Cornwell*, 113 N. Y. 115.) In *Morton* v. *Woodbury* (153 N. Y. 243), which presents the latest formulation of the rule by the Court of Appeals, and wherein the authorities above cited with many others are collated and explained, it is said : " From these and other cases on this subject it will be seen that in considering a residuary clause in a will the court will look at the context to ascertain, not so much whether it was the intention that the residuary legatee should take the benefit of a lapsed bequest (for it may be argued in most cases that the testator does not mean that the residuary legatee should take what is previously given from him, for he does not contemplate the case), but whether the words used are so strong and expressive as necessarily to exclude property which falls in by lapse and to limit the bequest of the residue to a particular residue, instead of permitting it to be read as a general residuary bequest."

In the present will we have words which we think are sufficiently expressive, " to exclude property which falls in by lapse and to limit the bequest of the residue to a particular residue." As we have attempted to point out, the testator, by the 10th subdivision of

paragraph 7, gives only the remainder " of said proceeds," referring to the proceeds arising from his estate not bequeathed by those paragraphs which precede the 7th paragraph. A part of the proceeds otherwise given by the other subdivisions of the 7th paragraph to designated beneficiaries failed to pass because of the death of such beneficiaries, and for this contingency the testator has made no provision. The gift to the children of Oliver J. Woolley has been limited to what was specifically given them by subdivision 10 of the 7th paragraph, namely, a portion of specified proceeds, and they are not, therefore, entitled to take the legacies referred to which have lapsed.

Our conclusion thus being that such legacies are undisposed of by the will, it follows that they pass to the next of kin. The decree appealed from should accordingly be modified so as to direct distribution of the property which lapsed out of the general residuary clause among testator's next of kin, with costs to the appellants payable out of the estate.

VAN BRUNT, P. J., PATTERSON, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Decree modified as directed in opinion, with costs to appellants payable out of the estate.