HARRISON F. WATERMAN, Plaintiff, *v.* NEW YORK LIFE INSURANCE
   AND TRUST COMPANY, as Trustee under the Last Will and
   Testament of JOHN C. CARPENTER, Deceased, and Others,
   Defendants.

Supreme Court, Kings Special Term, July, 1922.

Wills — construction — imperative trust — gift to a class — when residuary clause will not be circumscribed so as to relate to a particular residue only — failure of widow to exercise power of appointment — death of trustee of a power with right of selection — how unexecuted power adjudged — Real Property Law, § 160.

The statute (Real Property Law, § 160) which provides, " If the trustee of a power with the right of selection dies leaving the power unexecuted its execution must be adjudged for the benefit, equally, of all the persons designated as beneficiaries of the trust," is a declaration of a general rule applicable to all trust powers and governs trusts of personal as well as real property.

A provision of testator's will giving power to his wife to dispose of the homestead by *her* will to such one of his surviving brothers or to such one of testator's nephews of his own blood as she might deem fit to receive the same, was followed by a provision that if a power of sale vested in the executors was exercised during the lifetime of the wife " then and in that case  *  *  *  the net proceeds of said sale shall be turned over by them to the trustee hereinafter named and form a part or portion of my residuary estate."  The next paragraph of the will gave the entire estate to a trustee to pay over the income thereof to testator's wife for life and upon her death " to divide and pay over said principal trust fund in equal shares to my surviving brothers and sisters, except that in case of the sale of my homestead hereinbefore given to my wife for her natural life, the proceeds of such sale to be paid over on her death to such one of my nephews of my own blood as she may by her will direct."  The homestead was sold during the lifetime of testator's wife but she failed to direct payment of the proceeds of the sale as permitted by the will.  *Held,* that an imperative trust power was created in testator's wife which her failure to execute did not extinguish, and that under section 160 of the Real Property Law its execution devolved upon the court to distribute the proceeds of the sale equally among all the nephews of the testator's blood who survived his wife.

The residuary estate which was given to testator's surviving brothers and sisters in equal shares constituted a gift to a class, and to hold that the proceeds of the sale of the homestead became a part of the general residuary estate did not infringe upon the doctrine of a " residue of a residue " and the residuary clause cannot be circumscribed by characterizing it as relating only to a particular residue.

Whether the case be regarded as one of an unexecuted imperative power or of a lapsed legacy a grandson of testator has no interest in the fund.

Where upon the theory that as to the proceeds of the sale the testator died intestate a grandson brings an action against the testamentary trustee to determine plaintiff's right as next of kin of the testator, the defendant is entitled to judgment for the dismissal of the complaint upon the merits.

ACTION to construe will.

5

*Robert H. Koehler,* for plaintiff.

*Emmet, Marvin & Roosevelt (Joseph K. Savage,* of counsel), for defendant New York Life Insurance and Trust Company.

*Farington M. Thompson (Eben H. P. Squier,* of counsel; *William A. Sawyer* on the brief), for defendants Dayton W. Carpenter and others.

*William A. Sawyer (Eben H. P. Squier,* of counsel), for defendants Walter J. Burns and Willis C. Burns.

KAPPER, J. The question arises whether the plaintiff, a grandson of the testator, has such rights in the proceeds of the sale of the homestead as authorizes the maintenance of this action by him as next of kin of the testator on the theory that as to such proceeds the testator died intestate. The 2d paragraph of the will presents no difficulty. By it the testator's wife was given the power of disposing of the homestead by *her* will " to such one of my [testator's] surviving brothers or to such one of my nephews of my own blood as she may deem fit to receive the same." Then follows the power of sale during the lifetime of the wife, and if exercised, " then and in that case * * * the net proceeds of said sale shall be turned over by them [the executors] to the trustee hereinafter named and form a portion of my residuary estate." The 3d paragraph of the will gives the entire estate to a trustee to pay over the income thereof to the wife for life, and upon her death " to divide and pay over said principal trust fund in equal shares to my surviving brothers and sisters, except that in case of the sale of my homestead hereinbefore given to my wife for her natural life, the proceeds of such sale to be paid over on her death to such one of my nephews of my own blood as she may by her will direct." The homestead having been duly sold during the wife's life, and she having failed to direct payment of the proceeds thereof as permitted by the 3d paragraph of the will, it is the contention of the plaintiff that the said proceeds constitute a lapsed legacy as to which the testator died intestate. As I read the will I think the testator created an *imperative trust power* in his wife, whose failure to execute it did not extinguish it, and that under the statutes its execution devolves upon the court to distribute said proceeds equally among all the nephews of the testator's blood who survived his wife. The statute (Real Prop. Law, § 160) provides: " If the trustee of a power with the right of selection dies leaving the power unexecuted its execution must be adjudged for the benefit, equally, of all the persons designated as beneficiaries of the trust." The section is a declaration of a general rule appli-

cable to all trust powers and governs trusts of personal as well as real property. *Holland* v. *Alcock*, 108 N. Y. 312, 321. In *Smith* v. *Floyd*, 140 N. Y. 337, the testator gave his entire estate to his only son during life, " with the right and privilege of disposing of the same by will or devise to his children, if any he should have, and in case he should die without leaving any children, lawfully begotten, then and in that case I give and devise the same to the children of my daughter Lydia, to them, their heirs and assigns forever." The son survived the testator, but failed to exercise the power given him to devise the property to his children. The claim was then made by the testator's only daughter that by reason of the failure of the son to execute the power the testator died intestate as to this property. It was held that the authority so given to the son was a valid trust power; that such power was imperative; that equity will regard that as done which the trustee should have done, and so the son's children, the beneficiaries of the power, took the land in equal shares. What was there said with regard to the disposal of the entire estate applies at bar. The court (p. 343) say: " The will assumes to deal with his entire estate, and the authorities are numerous that under such circumstances a construction of its provisions will not be adopted, which will leave a part of the property undisposed of, if, by any reasonable interpretation of its language, it can be avoided." When a donee of a power has been given a discretion to exercise it for the benefit of others he must exercise the discretion, and its execution cannot be delegated to others, and in case he for any reason fails to exercise the discretion and the power falls upon the court for execution, the court distributes equally among the whole class in which the donee was authorized to exercise his discretion. *People* v. *Powers*, 147 N. Y. 104, 109. If, however, the case be treated as one of a lapsed legacy rather than an unexecuted power, the result seems to me to be the same in so far as concerns the plaintiff's claim. The will plainly enough directs that the net proceeds of the sale of the homestead shall be turned over by the executors to the trustee named in the will, the same to " form a portion of my residuary estate." The exception in the 3d paragraph seeks to take such proceeds out of the residuary in the event of the wife nominating such one of the testator's nephews by blood to take the same as the wife by her will may direct. The argument is made that this should be construed as a " residue of a residue," and that as so construed there was an intestacy as to such proceeds. It is to be observed that this residuary estate constitutes a gift to a class, namely, to the testator's surviving brothers and sisters; likewise it was given to them in shares that were equal. It was

not a gift to certain persons named in unequal shares, nor was each legatee to have a definite fractional share in the residuary estate. In such cases the rule against a " residue of a residue " is not applicable. See *Matter of Kimberly,* 150 N. Y. 90; *Matter of Hoffman,* 201 id. 247; *Matter of Woolley,* 78 App. Div. 224. In legal contemplation a gift to a class is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number. *Matter of Kimberly, supra.* And where the residuary estate is to a class in equal shares a lapsed legacy falls into the residuum and the class constitutes the beneficiaries. Such is the rule as I understand it. See *Matter of Hoffman, supra; Wright* v. *Wright,* 225 N. Y. 329, 340. In *Morton* v. *Woodbury,* 153 N. Y. 243, 255, the court say: " As we have already seen, the language of the fourth clause is sufficient to constitute the respondent a general residuary legatee, and we are unable to find anything in the other portions of the will which, under the rules established by the cases cited, would have the effect of so limiting that clause as to make her the residuary legatee of a particular residue only. To accomplish that result, very special words, which clearly limit the gift to a particular residue, and show a clear intention to exclude, such portion of her property as may fail to pass under other clauses of the will, must have been employed." Applying the foregoing rules and authorities to the present will, it seems to me that to hold that this alleged lapsed legacy became a part of the general residuary estate does not infringe upon the doctrine of a " residue of a residue," and that the general residuary clause created by the testator cannot be circumscribed by characterizing it as a particular one relating to a particular residue only. In either event, whether we regard the case as presenting one of an unexecuted imperative power or of a lapsed legacy, the plaintiff does not show himself, in my opinion, entitled to complain, as he is without interest in the fund. Judgment for defendants dismissing complaint upon the merits must follow.

Judgment accordingly.