HARRISON F. WATERMAN, Appellant, *v.* NEW YORK LIFE INSURANCE AND TRUST COMPANY, as Trustee, etc., of JOHN C. CARPENTER, Deceased, and Others, Respondents, Impleaded with JASPER CARPENTER and Others, Defendants.

Second Department, December 22, 1922.

Wills — testamentary trust — power in will that fund in trust be paid over to such one of class as beneficiary might designate creates imperative special power in trust under Real Property Law, §§ 135, 138 and 157 — on death of beneficiary without executing power of appointment court has power under Real Property Law, § 160, to execute power in favor of all of class.

An imperative special power in trust is created, under Real Property Law, sections 135, 138 and 157, by a provision in a will that on the death of the beneficiary of the trust the principal thereof shall be paid over " to such one of my nephews of my own blood as she may by her will direct."

On the death of the beneficiary without executing the power of appointment the court will execute the same in behalf of all of the nephews pursuant to the provision of section 160 of the Real Property Law, for it is better to carry out the general intention of the testator in favor of the class when it is impossible to carry out the particular intentions of the testator in favor of an individual or a portion of the class to be selected by a third person, than it is to declare an intestacy.

RICH, J., dissents, with memorandum.

APPEAL by the plaintiff, Harrison F. Waterman, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 23d day of August, 1922, upon the decision of the court rendered after a trial at the Kings Special Term dismissing the complaint.

*Robert H. Koehler,* for the appellant.

*Joseph K. Savage,* for the respondent New York Life Insurance and Trust Company, as trustee, etc.

*William A. Sawyer,* for the respondents Willis C. Burns and Walker J. Burns.

*Eben H. P. Squire* [*Farrington M. Thompson* with him on the brief], for the respondents Dayton W. Carpenter and Elnathan Carpenter.

BLACKMAR, P. J.:

The will of John C. Carpenter, deceased, by the second subdivision thereof, gave the homestead, comprising about fourteen and one-half acres, in Westchester county, with the furniture and equipment, to his wife, Dora Carpenter, for life, " giving to her full power of disposing of the same by will to such one of my surviving brothers or to such one of my nephews of my own blood as she may deem fit to receive the same." The will, however, provided that if the property should be sold during the lifetime of the wife under a power given to the executors therefor, the net proceeds should be turned over to defendant New York Life Insurance and Trust Company " and form a portion of my residuary estate." The property was sold by the executors during the lifetime of the wife. The avails thereof, about $15,000, were turned over to the trustee as directed in the will. The power of appointment contained in the clause above quoted became, therefore, inoperative, and the disposition of the avails is governed by the provisions of the residuary clause.

The testator devised his residuary estate to defendant New York Life Insurance and Trust Company as trustee to pay the income thereof to his wife, Dora Carpenter, during her life, " and on her decease to divide and pay over said principal trust fund in equal shares to my surviving brothers and sisters; except that in case of the sale of my homestead hereinbefore given to my wife for her natural life, the proceeds of such sale to be paid over on her death to such *one* of my nephews of my own blood as she may by her will direct."

The wife having died without executing the power of appointment, the plaintiff, a grandson of the testator, brought this action, seeking judgment that the testator died intestate as to the avails of the homestead and claiming the same as his only heir at law and next of kin. The court at Special Term decided against the contention of the plaintiff (119 Misc. Rep. 65), and the plaintiff has appealed to this court.

This case raises two questions:

*First.* On the death of the wife without executing the power of appointment, can the court execute the same in behalf of all the nephews pursuant to the provision of section 160 of the Real Property Law?

*Second.* If the court cannot execute the power of appointment, are the avails of the homestead, so paid to the trustee, distributable among the surviving brothers and sisters of the testator under the residuary clause, or did the testator die intestate as to this sum?

It is not necessary to determine whether the avails of the homestead are distributable to the brothers and sisters under the residuary clause, for the power of appointment seems to be one which, in default of execution by the donee, should be executed by the court. (Real Prop. Law, §§ 158, 159, 160.) The power is a special power in trust. (Id. §§ 135, 138.) It is a special power because the persons to whom the disposition of the property under the power is to be made, to wit, in this case, the nephews of the testator's own blood, are designated. It is a power in trust because the disposition which it authorizes is limited to persons other than the grantee of the power. And because it was a power in trust, the execution of which is not made expressly to depend on the will of the grantee, it was an imperative power. (Real Prop. Law, § 157.)

Section 160 of the Real Property Law reads as follows: "If the trustee of a power, with the right of selection, dies leaving the power unexecuted, its execution must be adjudged for the benefit, equally, of all the persons designated as beneficiaries of the trust."

There would be no doubt of the duty of the court to adjudge the execution of this power for the benefit, equally, of all the nephews of the testator's own blood, were it not for the fact that the power restricts the grantee, in its exercise, to one of his nephews. The argument of the plaintiff is that it was the intent of the testator that the power should be executed for the benefit of one only of his nephews, that it is not consistent with such intention to adjudge its execution for the benefit, equally, of all, and that the case does not, therefore, fall within the purview of the above-quoted section.

I have not been able to find, nor have I been referred to any case that is a direct precedent. The cited sections of the Real Property Law codify a rule which had been theretofore applied by courts of equity. In *Burrough* v. *Philcox* (5 Myl. & Cr. 72, 92) Lord Chancellor COTTENHAM, after referring to and analyzing other cases upon the general subject of the execution of powers, used the following language: "These and other cases show that when there appears a general intention in favor of a class, and a particular intention in favor of individuals of a class to be selected

by another person, and the particular intention fails, from that selection not being made, the court will carry into effect the general intention in favor of the class." On the facts the case is not an exact precedent for the case at bar, because the power was to dispose of the testator's estate not to one but " amongst my nephews and nieces or their children, either all to one of them, or to as many of them as my surviving child shall think proper." But the quotation is a general statement of the principle of equity which induced the adoption of the rule that is codified in the sections referred to. The point is that it is better to carry out the general intention of the testator in favor of the class when it is impossible to carry out the particular intention of the testator in favor of an individual or a portion of the class to be selected by a third party, than it is to declare an intestacy. Intestacy is the one thing which the testator is presumed to desire to avoid. In the case at bar the whole will shows that the testator intended that in all contingencies his collateral relatives — his brothers, sisters or nephews — should receive his whole estate, and this to the exclusion of the plaintiff, his grandson. The reason for this is found in the marital history of the testator and the plaintiff's grandmother. That marriage had been severed by a divorce, and the custody of the issue, to wit, the plaintiff's mother, was given to the wife. To declare an intestacy simply because the power of selection was confined to one nephew, would be to do violence to the general intention of the testator as to the objects of his bounty. To follow the language of the lord chancellor, there appears in this will a general intention in favor of the nephews as to the avails of the sale of the homestead property. But there was in the testator's mind a particular intention that only one of the nephews should take, and the power was given to the wife to designate such beneficiary. It is better, if the particular intention fail, that the general intention be carried out than that the testator should die intestate.

The case, therefore, falls within the reason and meaning of the sections of the Real Property Law which authorized the court to execute a power in favor of a class, when the donee, having power of selection, fails to execute it.

I recommend that the judgment be affirmed, with costs to all parties who have separately appeared, payable out of the avails of the sale of the homestead.

KELLY and MANNING, JJ., concur; YOUNG, J., concurs in the result on the ground that the court has no power to exercise power of appointment in favor of all the nephews, but that the avails of the sale of the homestead formed a part of the residuary estate

and are distributable to the brothers and sisters under the provisions of the will for the distribution of the residuary estate; RICH, J., dissents, and is of opinion that it was the testator's intention that the power should be executed in favor of the one nephew, and not to his nephews as a class; and that under the doctrine of residue of a residue (*Wright* v. *Wright*, 225 N. Y. 329) the fund does not enhance the residue estate given to the brothers and sisters, but as to this fund the devise lapsed.

Judgment affirmed, with costs to all parties who have appeared separately and filed briefs, payable out of the avails of the sale of the homestead property in the trustee's hands.